MONCURE, J.
This is a.supersedeas to a judgment of the circuit court of Halifax
county, reversing a judgment of the county court setting aside and reversing an office judgment confirmed of the latter court in an action of debt, brought by the defendant against the plaintiffs in error, on a promissory note. The summons was directed to the sheriff of Halifax county, and was returned, “Executive in person. Eielder Cage D. S. for James R. West, Sheriff.” The common order was entered at Eebruary rules 1858, (to which the summons was returnable), *and was confirmed at the following March rules, and the office judgment, not' having been set aside, became final on the 22nd of the same month. A motion was made, on notice, to set aside and reverse this judgment on various grounds; and it was accordingly set aside and reversed at the following July term of the county court. The judgment of reversal was, itself, afterwards reversed by the circuit court; to whose judgment a supersedeas has been awarded by a judge of this court; and that is the case now under consideration.
The only error assigned in the judgment of the circuit court is that the plaintiffs in error, who were defendants to the action in the county court, do not appear to have been served with the process summoning them to answer. If they do appear to have been so served then there is no error in the judgment; as the Code ch. 171, $ 18, provides that a defendant, on whom the process summoning him to answer, appears to have been served, shall not take advantage of any defect in the writ or return, unless the same be pleaded in abatement; and there was, in this case no plea in abatement. The only evidence in the record of service of the process on the defendants is the return thereon, which is clearly sufficient, unless there be some requisition of law not therein complied with which makes it insufficient. The following provisions of the Code embrace all the requisitions of law upon the subject.
Chap. 49, \ 28. “Every officer to whom any order, warrant pr process may be lawfully directed, shall make true return thereon of the day and manner of executing the same, and subscribe his name to such return. Where the service is by a deputy, such deputy shall subscribe to the return his own name as well as that of his principal. ” “Any officer failing to comply with this section shall forfeit $20, and if he make a false return, shall forfeit therefor $100.”
*Chap. 170, § 5. “The process to *129 commence a suit shall be a ‘writ commanding the officer to whom it is directed, to summon the defendant to answer the bill or action.”
Chap. 170, l 6. “Any summons or scire facias against any person may be served as a notice is served under the 1st section of chap. 167; to which end the clerk issuing such process, unless otherwise directed, shall deliver or transmit therewith as many copies thereof as there are persons named therein on whom it is to be served. No judgment by default on a scire facias shall be valid if it become final within one month after the service of such process. ’ ’
Chap. 167, | 1. “A notice, no particular mode of serving which is prescribed, may be served by delivering a copy thereof in writing to the party in person; or, if he be not found at his usual place of abode, by delivering such copy and giving information of its purport to his wife or any white person found there, who is a member of his family and above the age of 16 years; or, if neither he nor his wife, nor any such white person be found there, by leaving such copy posted at the front door of said place of abode. Any sheriff or sergeant thereto required, shall serve a notice within his bailiwick, and make return of the manner and time of service; for a failure so to do he shall forfeit $20. Such return, or a similar return by any other person who verifies it by affidavit, shall be evidence of the manner and time of service. ’ ’
The supposed defect in the return in this case is, that it does not state the manner and time of service. Admitting that to be a defect which might be pleaded in abatement, yet, there having been no plea in abatement, is it a fatal defect even after judgment by default?
A return of ‘ ‘ executed, ’ ’ made by an officer whose duty it is to execute the process, shows that it was served *on the defendant according to its mandate, and it will be presumed that the service was in the mode prescribed by law. The officer acts under oath, and is bound by bond with surety for the faithful discharge of his official duties. He not onty incurs the specific penalty imposed by law for any failure, but is bound for all damages sustained by any person in consequence thereof. The law gives him credit for knowing his duty, or binds him for all the consequences of not knowing it. It also gives him credit for an intention to do his duty, until the contrary be shown. When, therefore, process comes to his hands for execution, and he returns it “executed,” it appears from the return to have been served on the defendant within the meaning of the Code chap. 171, § 18.
That brief form of return was almost universally used on capias ad respondendum on which no bail was required. Indeed the statute directed the officer in such case to return the writ “executed,” I. R. C. 1819 p. 491, | 42. It was also the form of return of a scire facias; Id. 506, \ 66; and of a summons, when that was the proper process instead of a capias. Id. $ 68. Formerly, a subpoena in chancery was not required to be served by delivering a copy. I. R. C. 212, \ 74. Afterwards, when the decree nisi was embodied in the subpoena, it was directed to be served by delivering a copy; but'still it appears that a return of “executed” was sufficient, without stating that a copy was delivered, Sess. Acts 1825-6, p. 15.
There is a manifest difference between a return upon a summons and a return upon a notice. A summons is directed to an officer, and contains a mandate to which his return of “executed” is a response that the thing commanded has been done. A notice is not directed to any officer, but to the party on whom it is to be served. It contains no mandate, and therefore a return of “executed,” simply, is no response, but unmeaning. The manner of ^service, whether by an officer or another person, must be stated; the only difference being, that the simple statement of an officer is sufficient, while the statement of another person must be upon oath. This difference the Code makes, chap. 167, § 1. It did not formerly exist, but the statement was required to be on oath, whether made by an officer or another person. And the reason was, that the officer, in serving a notice, did not act as an officer but as any other person. 1 Hen. & Munf. 206.
There is one case in which a return on a summons, of “executed,” simply, would perhaps be fatally defective, even after judgment by default; and that is the case of a summons against a corporation, the manner of serving which is prescribed by the Code, chap. 170, | 7; which expressly declares that “service on any person under this section shall be in the county or corporation in which he resides; and the return shall show this, and state on whom and when the service was, otherwise the service shall not be valid.” This difference of expression, in regard to an individual and a corporation, indicates a difference of legislative intention in the two cases; and that while, in the latter, the failure of the return to comply with the direction of the law will invalidate the service, in the former it will at most be a defect which, to be taken advantage of, must be pleaded in abatement, if it appears that the defendant was served with the process. There seems to be some reason for the difference in the fact that process against a corporation cannot be served personally on the defendant, but only on some person in lieu of the defendant. However this may be, the law seems to have made the difference, and the courts must execute the law as it is written. It will not do to say that what the law has expressed in the one case, may be implied ip the other. Fxpressio unius, alterius est exclusio.
In this case the return is not “executed,” merely, but “executed in person;” that is, on the defendants in person; *and its meaning is, that the summons was served by delivering them *130 a copy. The only defect, if any, in,the return, is. the omission of the words “by delivering- a copy;” and the question is, whether this is not a defect' which, to be taken advantage of, must be pleaded in abatement. If it be .not, the provision in the Code, chap. 171, $ 18, must indeed have a very limited operation, and almost every judgment by default might be liable to be reversed for a defect of the return on the process. If the return, to be valid, must show, literally, that the process was executed in one of the many modes prescribed by law, then the only defects to which the provision could apply would be the omission to state the time of service, and where the service is by a deputy, the omission to subscribe to the return his own name as well as that of his principal. Of course these defects, if no other existed in the return, would be covered by the provision. But one of them, to-wit the omission to state the time of service, seems to be more important than the defect, if any, which exists in this case. For by omitting to state the time of service, the defendant may be disabled from proving the falsity of the return by proving an alibi. At least the provision should apply whenever it appears from the return, though defective, that the summons, was actually served on the defendant that is, so served as that he was notified to appear and answer; whether by delivering a copy in the mode prescribed by law, or by reading the. summons to the defendant, or informing him of its contents. In such case the .defendant having actual notice, and such notice as always was sufficient service of process before the enactment of the present Code, .has a full opportunity of appearing and making, his defence,, not only on the merits but .even by plea in abatement, and . therefore has no good ground of complaint. In the present -case the. return shows that the summons was actually served *on the defendant in person, and, according to the views above presented the provision aforesaid applies.
I am therefore of opinion that there.is no error in the judgment of the Cirquit court and that it be affirmed.
JDANIEE and ’ROBERTSON, Js., concurred in the opinion of Moncure, J., except as to the effect of a return of “executed’ ’ merely; as to which they expressed no opinion, deeming it unnecessary to do so, to a decision of this case.
Judgment affirmed.