# CHARLESTON.

Coger *v.* Coger *et al.*

Decided April 21, 1900.

1. DIVORCE—*Vacation Order—Alimony.*

When a bill praying for a divorce and alimony is presented to the circuit judge in vacation by a wife before any process has been issued against the defendant husband, such judgment has no jurisdiction to enter a decree for alimony *pendente lite* or permanent alimony without first in some manner summoning the husband to appear, and thus affording him an opportunity to be heard, and, should such a decree be entered without first citing the husband, a writ of prohibition will lie to prevent its enforcement. (p. 136).

2. ALIMONY—*Rule in Allowing.*

The general rule is that the wife is entitled to support corresponding to her condition in life and the fortune of her husband, and when she presents a bill for divorce, and prays for alimony, the husband should be accorded the privilege of representing his pecuniary condition to the court or judge. (p. 138).

Application of M. B. Coger for a writ of prohibition against Delilah Coger and others.

*Writ Granted.*

DULIN & HALL, for petitioner.

W. E. R. BYRNE, for respondents.

ENGLISH, JUDGE:

On the 8th of November, 1899, Delilah Coger presented her bill in equity to the judge of the circuit court of Braxton County in vacation, praying for a divorce from the bonds of matrimony and for alimony *pendente lite* and permanent, for an injunction to restrain her husband from disposing of certain property therein named and for general relief.

On that day, said judge made a vacation order directing that the defendant Marcellus B. Coger do pay to the plaintiff the sum of forty dollars with which to carry on her suit against him, and pay the expenses thereof as temporary alimony, and that he do pay her the further sum of eight dollars per month for the support of herself and their two infant children until the further order of the court; also restraining and enjoining the defendant from selling or disposing of any of the personal property belonging to plaintiff then in his possession, or of charging any of the real estate or personal property of his own until the further order of the court, but that he hold the same in readiness to answer any decree of the court thereafter made in the cause. On November 13th, 1899, said decree was entered by the clerk of said court on the order book, and a subpoena in chancery was issued against said Marcellus B. Coger to answer the bill of said Delilah returnable to December rules, 1899; and on the same day an execution was issued by said clerk against the goods and chattels of said defendant, for the sum of forty-eight dollars, with legal interest thereon from November 8, 1899.

The defendant, M. B. Coger, thereupon presented his petition to this Court praying a writ of prohibition to restrain said circuit court and Delilah from enforcing said order by execution or otherwise. The plaintiff by counsel demurred to said petition, claiming that the judge of the circuit court of Braxton had full and complete jurisdiction, both of the cause of action and the parties litigant as shown in said petition, and that in directing the order in said petition complained of said judge did not act in excess of his jurisdiction, nor was he guilty of any abuse of power or usurpation of authority whatever; that petitioner might have availed himself of a motion to quash the execution, or to correct or vacate the order awarding the same in order to correct an alleged error or irregularity to his prejudice before making application for writ of prohibition; that said order was

appealable, and petitioner might have sought relief by appeal, and that prohibition was not the proper remedy.

Our statute, chapter 110, section 1 of the Code, provides that: "The writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or having such jurisdiction exceeds its legitimate powers." It is true, Spelling in his valuable work on 'Extraordinary Relief,' states the law as follows: "The extraordinary remedy by prohibition is confined at present, as when first employed, only to cases where it appears that the party seeking it has an actual grievance, and has applied without avail to the inferior tribunal for relief;" but, as we have seen, our statute has enlarged the province of the writ, and while relief might have been afforded to some extent by motion in the circuit court, yet we hold that, under the statute, the defendant had a right to apply to this Court for the writ of prohibition.

At the time the order was made by the judge in vacation, no process had been issued against M. B. Coger, so far as appears, no praecipe for a writ had been left with the clerk, and no bill had been filed. Under these circumstances we cannot say a suit was pending. Section 9 of chapter 64 of the Code, provides that, "The court in term, or the judge in vacation may, at any time pending the suit, make any order that may be proper to compel the man to pay any sum necessary for the maintenance of the woman, or to enable her to carry on the suit," &c.

On the presentation of the bill in the case at bar, there was no rule given the husband to appear and show cause against the proposed order, yet judgment was rendered against him for forty-eight dollars and execution awarded thereon. If this suit had been pending and the husband before the court, or even if he had been served with notice of the intended application, the order might have been properly made, but it cannot properly be made on the *ex parte* motion of the wife when she is plaintiff in a divorce suit in the absence of notice of any kind to her husband, and before the suit has been instituted.

While the amount of alimony allowed is a matter of discretion with the court, yet that must be a sound legal discretion and depends largely on the condition and circumstances of the husband. The amount should not be arbitrarily fixed by the court or judge. See *Wass* v. *Wass,* 42 W. Va. 460, and *Bailey* v. *Bailey,* 21 Grat.

57 in which latter case Christian, J. says: "In regard to allotment for alimony there is no fixed rule. It is a matter within the discretion of the court yet it is not an arbitrary but a judicial discretion to be exercised in reference to established principles of law relating to the subject, and upon an euqitable view of all the circumstances of the particular case;" citing Bishop on Marriage and Divorce, s. 603: "The general rule is that the wife is entitled to support corresponding to her condition in life and the fortune of her husband."

Such being the case, the husband should have an apportunity of presenting his side of the case upon the question of his pecuniary resources, if indeed it were proper to render a judgment against him in his absence for any cause.

In the Enc. of Plead. & Prac. under "Alimony," p. 422, we find: The husband should be allowed to be heard, but only, it seems, in order that the court may form some idea of the amount to be granted"; and in vol. 1, page 413: "And although a divorce *ex parte* may be obtained on constructive service, yet no alimony can be decreed, unless the defendant appears to the action in person or by attorney or has been duly served with process within the jurisdiction of the court. * * * The reason for this rule is that a decree for alimony is a decree *in personam* and is void without personal service or appearance."

In the case we are considering, when this decree for alimony was rendered there was no suit pending. The husband had not been summoned, and had no voice in fixing the amount of alimony, which must have been predicated on the *ex parte* statements of the plaintiff. Such being the case, in my view the decree complained of was unwarranted, and should not be enforced, and for these reasons the writ of prohibition prayed for should be awarded.

*Writ granted.*