# CHARLESTON

## Keller v. Keller.

Submitted June 16, 1905.　Decided November 14, 1905.

1. Divorce—*Alimony.*
　　An order for temporary alimony made in vacation in a divorce suit, without notice, is void. (p. 326.)

Appeal from Circuit Court, Barbour County.

Suit by Lafayette Keller against Cordelia A. Keller for divorce. From an order granting alimony and dismissing the cause, plaintiff appeals.

*Reversed.*

Chas. M. Murphy, for appellant.

Wamsley & Coberley, for appellee.

Brannon, President:

Lafayette Keller brought suit in Barbour county against Cordelia A. Keller for divorce, and filed his bill, and took some depositions. The defendant appeared before the judge in vacation, and filed an answer resisting her husband's suit, and asking temporary alimony. Without notice to the plaintiff or appearance the judge made an order requiring the man to pay his wife two hundred dollars for temporary alimony and maintenance of her defence, and ordered the answer to be filed. Afterwards in term the husband moved the court to set aside said order for alimony, but the court

refused to do so, and ordered that the suit be stayed until the money be paid. The court suppressed certain depositions taken by the plaintiff as taken in defendant's absence. At a subsequent term an order appears saying, "the court doth of its own motion dismiss the cause for want of prosecution."

The order requiring the payment of alimony without notice is void. The answer could not be received, as a pleading legally in the cause, in vacation, and thus justify the order. A court cannot admit pleadings or take any steps in vacation except by statute. *Kinport* v. *Rawson*, 29 W. Va. 487; 4 Ency. Pl. & Prac. 337. If the answer had been filed in term upon it an order could have been made in term, without notice, because a party must always be in court to observe what orders are made in the suit. But as to proceedings in vacation it is different. A judge can in vacation make an order for temporary alimony under Code, chapter 64, section 9; but the adverse party has right to defend a motion for temporary alimony. 14 Cyc. 754. As he has right to defend the motion, it follows that he must have notice of a motion to be heard in vacation. *Coger* v. *Coger*, 48 W. Va. 135; *Handlan* v. *Handlan*, 37 *Id.* 486.

It was error to suppress the depositions taken 29th April, 1902, on the theory that the defendant was not present. The taking had been duly adjourned to that date.

It was error to dismiss the suit. How could there be prosecution of it when the court had stayed it, and thus prohibited the plaintiff from prosecuting it? We suppose, that the plaintiff was considered as not prosecuting the suit because he had not paid the alimony. But that order being void was no warrant for the order to stay, or the order dismissing the suit.

We reverse the order allowing the alimony, that suppressing the depositions, that staying and that dismissing the suit, and remand the cause for further proceedings.

*Reversed.*