PRENTISS BROWN, *Administrator of Office of Price Administration* v. LLOYD ARNOLD, *Judge, etc.*

(No. 9470)

Submitted April 6, 1943. Decided June 8, 1943.

*S. M. Noyes* and *Wilbur Y. Armstrong, Fleming James, Jr., David London* and *Morton Abrahams,* for petitioner. *Martin Brown,* for respondent.

RILEY, PRESIDENT:

Prentiss Brown, Administrator of the Office of Price Administration, seeks, by writ of prohibition to prevent enforcement of a judgment rendered by respondent, Lloyd Arnold, as Judge of the Circuit Court of Wetzel County, in an action of unlawful entry and detainer wherein respondent Rosa M. Wright was plaintiff and Frank Berger and Mary Berger, his wife, were the parties defendant and by which judgment possession of the real property in litigation and a money judgment of $118.00 were granted plaintiff.

Submission of the proceeding is upon petition, a joint and several demurrer filed by respondents, Circuit Judge Arnold and Rosa M. Wright, and the separate answers of such respondents. Respondent Lawrence E. Morgan, Sheriff of Wetzel County, has made no appearance here. From such pleadings the following facts appear:

Rosa M. Wright is the owner of a dwelling house situate in the city of New Martinsville, Wetzel County, a portion of which she leased to Frank Berger and Mary Berger, his wife, on a month to month tenancy which began some time prior to September 1, 1941, at a monthly rental of eighteen dollars payable in advance on the first day of each month. Alleged damage to the leased premises by the lessees and their children resulted in respondent Wright's notice, served upon Frank Berger, to vacate the premises on or before July 1, 1942. His noncompliance therewith occasioned the institution of an unlawful entry and detainer action on July 2, 1942, before a justice of the peace, who, upon a hearing, rendered

judgment in Mrs. Wright's favor, and Berger thereafter effected an appeal. Thereafter, litigants' counsel arranged that Mrs. Wright should pay the costs incident to the litigation and Berger was to pay the rent due and give the owner possession of the property. Berger's declination thereto sent Mrs. Wright to petitioner's chief attorney in the area in which the leased premises were located, and there she was advised that nothing could be done for her until determination was had in her litigation. New counsel for Mrs. Wright advised a second action upon the theory that notice in the action before the justice was insufficient, and on January 11, 1943, a summons in unlawful entry and detainer was issued by the Clerk of the Circuit Court of Wetzel County, charging Berger and his wife, upon Mrs. Wright's complaint, of unlawfully withholding from her the leased premises. Itemization of damages claimed, aggregating five hundred dollars, included three hundred two dollars for damages to the real property and the following items of rent and damages for detention:

Rent of said property described in the summons from the 1st day of July, 1942, to the 1st day of January, 1943 _____ $ 168.00

Damages for the detention of said property described in said summons since the 1st day of January, 1943 _____ 30.00

Defendants appeared and filed a plea in abatement, averring the pendency of the appeal upon the judgment of the Justice, and demurred to the summons and moved to quash it, which pleadings the trial court overruled. Defendants also filed their special plea No. 1, asserting that Mrs. Wright should not maintain her action because "plaintiff has not given written notice to the said difendants, or to the proper Area Rent Office of the Office of Price Administrator of the Federal Government of the proposed removal, eviction or recovery of possession of the premises mentioned in the summons herein, as provided by the Maximum Rent Regulations of said Of-

fice of Price Administrator of the Federal Government, issued by said office of Price Administrator on April 28, 1942, as thereafter amended; and further, that the said plaintiff, at the time of, or prior to, the commencement of the above styled action did not give written notice thereof to said Area Rent Office, stating the title of said case, the No. thereof, the Court in which the same was filed, the names and addresses of said defendant tenants, and the ground on which removal, eviction or possession of said premises was sought; and further, that said plaintiff did not, in any respect comply with said Maximum Rent Regulations, as so issued by the Office of Price Administrator of said Federal Government on April 28, 1942, and as thereafter amended * * *."

Sufficiency of the plea was challenged by demurrer on the grounds that it was not authorized by statute or common law; that the matter alleged therein, if relevant, was admissible under the general issue; and that the plea "is based on matter that deprives the plaintiff of her constitutional rights as guaranteed to her by the Federal Constitution and the Constitution of West Virginia, and would set up instead thereof a dictatorship. Under the Constitution of the Federal Government and the Constitution of West Virginia the State of West Virginia regulates its domestic commerce, contracts, the transmission of estates, real and personal, and acts upon all internal matters which relate to its moral and political welfare. Over these subjects the Federal Government has no power. They appertain to the state sovereignty as exclusively as powers exclusively delegated appertain to the general government. The Constitution of the United States and of the State of West Virginia operate alike in times of war as in times of peace. Neither the Federal Government nor its agents nor can the sovereign State of West Virginia interfere with the contractual rights and the principles of law guaranteed to the plaintiff to protect her property and the right to exclusively control the same under the statutes of the State of West Virginia." The trial court sustained the demurrer to the

special plea, and thereafter, upon defendants' filing their plea of general issue, by agreement of litigants and consent of the court, the issues of fact and law were submitted to the court in lieu of a jury, and, after hearing the evidence, the court concluded that plaintiff was entitled to possession of the premises, as well as $118.00 damages, including accrued rent, and entered judgment upon such finding.

The petition of the Administrator avers that to his "belief and best knowledge * * * said Frank Berger and Mary Berger have not complied with the Order of the Court", and that Lawrence E. Morgan as Sheriff of Wetzel County will proceed to carry out the final order of the Circuit Court of Wetzel County. The petition alleges that under Section 2(b) of the Emergency Price Control Act of 1942 (Public Laws No. 421, 77th Congress, Second Session, Chapter 26) petitioner is authorized in his official capacity to designate defense rental areas and by regulation or order to establish maximum rents for housing accommodations therein as in his judgment would be generally fair and equitable, and would effectuate the purposes of said Act; that pursuant to such authority petitioner designated the Wheeling-Steubenville Defense Rental Area, of which Wetzel County is a part thereof, and issued Maximum Rent Regulation No. 53 establishing maximum rents and setting forth certain restrictions regarding evictions from dwelling accommodations in said area, the effective date of which regulation was November 1, 1942; that in sustaining the demurrer to special plea No. 1, respondent Arnold, as Circuit Judge, disregarded the restriction on the jurisdiction of the Circuit Court of Wetzel County as provided by Section 204(d) of said Act, which section, as petitioner contends, deprives such circuit court of jurisdiction to pass on the validity of Maximum Rent Regulation No. 53; that respondent Arnold, as circuit judge, likewise violated Section 205(d) of said Act in failing to certify to the petitioning administrator that a defense relied upon in the suit hereinabove discussed was under a regulation

pursuant to such Act, and that the action of said circuit judge in wrongfully assuming jurisdiction to pass upon the validity of said Maximum Rent Regulation No. 53 has resulted in the validity and effectiveness of said regulation being questioned throughout the Wheeling-Steubenville Defense Rental Area and has hindered and deterred petitioner in carrying out his duties as Administrator of the Emergency Price Control Act of 1942 and the regulations issued thereunder in said area. In the separate answer of respondent Arnold, as Judge, it is denied that said Act was by him held unconstitutional but he avers therein "that if said petitioner claims that by virtue of said Act and his findings thereunder and alleged decrees made pursuant thereto, said petitioner is given power to interfere with the courts of record of this State and the Circuit Court of Wetzel County, over which your Respondent has the honor to preside, and defeat the jurisdiction of said West Virginia courts of record by the said process of prohibition or injunction, then your Respondent says as Judge of the Circuit Court of Wetzel County, West Virginia, and in support of said judgment of the said Rosa M. Wright against the said Frank Berger and Mary Berger which your Respondent entered under Chapter 55, Article 3 of the Official Code of West Virginia, as Judge of the Circuit Court of Wetzel County, West Virginia, attacked by said petition, your Respondent says that neither the said petition nor the act on which he relies gives the said petitioner or his said Office of Price Administration such constitutional authority".

This answer likewise avers that the Administrator sought an injunction in the District Court of the United States for the Northern District of West Virginia to restrain the enforcement of said judgment, which court refused to issue such an injunction.

Petitioner's claim is that respondent Arnold, as Judge of the Circuit Court of Wetzel County, exceeded his jurisdiction in the following respects:

"1. In that said defendant, declared the Emer-

gency Price Control Act of 1942 unconstitutional, and set aside the provisions of said Act, authorizing the issuance of said Maximum Rent Regulation No. 53, all in violation of and contrary to section 204 (d) of the Emergency Price Control Act of 1942, which deprives all courts, Federal, State, or Territorial, except the Supreme Court of the United States and the Emergency Court of Appeals, of jurisdiction or power to set aside any provision of said Act authorizing the issuance of a rent regulation issued under the authority of said Act.

"2. In that said defendant considered the validity of and set aside certain provisions of Maximum Rent Regulation No. 53, all in violation of section 204 (d) of the Emergency Price Control Act of 1942, which deprives all courts, Federal, State, or Territorial, except the Supreme Court of the United States and the Emergency Court of Appeals of jurisdiction or power to consider the validity of or set aside any regulation or provision thereof issued under the authority of said Act."

Among others, the Emergency Price Control Act of 1942 (C. 26, 56, Stat. 23, Federal Code, Anno., Vol. 11, Title 50, Appx. 25, Cumulative Pocket Sup.,) has for its purpose the stabilization of prices and the prevention of abnormal increases in rents. The Administrator is authorized, whenever in his judgment it is necessary or proper to effectuate the purposes of this Act, to issue a declaration setting forth the necessity for, and recommendations with reference to the stabilization or reduction of rents for any defense-area housing accommodations within a particular defense-rental area, and if within sixty days after the issuance of any such recommendations, rents have not, in the Administrator's opinion, been stabilized or reduced by state or local regulation or otherwise, the Administrator may by regulation or order establish such maximum rent or rents for such accommodations as in his judgment will be generally fair and equitable and will effectuate the purposes of

the Act. The regulations, orders and requirements under the Act may contain such provisions as the Administrator deems necessary to prevent the circumvention or evasion thereof. The Act creates a court to be known as "Emergency Court of Appeals" with the powers of a district court with respect to the jurisdiction conferred on it by this Act, except that it shall not have power to issue any temporary restraining order or interlocutory decree staying or restraining, in whole or in part, the effectiveness of any regulation or order issued under the Act. Under Section 204 (d) it is provided that,

"The Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders of the Emergency Court of Appeals, shall have exclusive jurisdiction to determine the validity of any regulation or order issued under section 2, of any price schedule effective in accordance with the provisions of section 206, and of any provision of any such regulation, order, or price schedule. Except as provided in this section, no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order, or price schedule, or to restrain or enjoin the enforcement of any such provision".

Maximum Rent Regulation No. 53, issued October 22, 1942, placed Wetzel County as a part of the Wheeling-Steubenville Defense-Rental Area, within its scope, and established maximum rents for housing accommodations as of the rental on March 1, 1942, but the effective date for the Regulation was established as November 1, 1942. Section 1388.286 of Regulation headed "Restrictions on removal of tenants", provides, in part, that:

" (A) So long as the tenant continues to pay the rent to which the landlord is entitled, no

tenant shall be removed from any housing accommodations, by action to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated, and regardless of any contract, lease, agreement or obligation heretofore or hereafter entered into which provides for entry of judgment upon the tenant's confession for breach of the covenants thereof, or which otherwise provides contrary hereto;"

except in six designated instances not material in the instant proceeding.

Subdivisions d (1) and (2) provide that:

"Every notice to a tenant to vacate or surrender possession of housing accommodations shall state the ground under this section upon which the landlord relies for removal or eviction of the tenant. A written copy of such notice shall be given to the Area Rent Office within 24 hours after the notice is given to the tenant.

"No tenant shall be removed or evicted from housing accommodations, by court process or otherwise, unless, at least ten days prior to the time specified for surrender of possession and to the commencement of any action for removal of eviction, the landlord has given written notices or the proposed removal or eviction to the tenant and to the Area Rent Office, stating the ground under this section upon which such removal or eviction is sought and specifying the time when the tenant is required to surrender possession.

"Where the ground for removal or eviction of a tenant is non-payment of rent, every notice under this paragraph (d) (1) shall state the rent for the housing accommodations, the amount of rent due and the rental period or periods for which such rent is due. The provisions of this paragraph (d) (1) shall not apply where a certificate has been issued by the Administrator

pursuant to the provisions of paragraph (b) of this section.

"(2) At the time of commencing any action to remove or evict a tenant, including an action based upon non-payment of rent, the landlord shall give written notice thereof to the Area Rent Office stating the title of the case, the number of the case where that is possible, the court in which it is filed, the name and address of the tenant, and the ground under this section on which removal or eviction is sought".

Control of rents charged during a war period is not a novel experience in this country. *Bloch* v. *Hirsh,* 256 U. S. 135, 41 S. Ct. 458, 65 L. ed. 865, 16 A. L. R. 165; *Edgar A. Levy Leasing Co.* v. *Siegel,* 258 U. S. 242, 42 S. Ct. 289, 66 L. ed. 595; *Brown Holding Co.* v. *Feldman,* 256 U. S. 170, 41 S. Ct. 465, 65 L. ed. 877, illustrate judicial precedent upholding the constitutionality of rent control statutes enacted within the limited areas of the District of Columbia and the State of New York, respectively. Following World War I, Massachusetts and New Jersey enacted statutes according tenants a defense of unreasonable and oppressive rents in actions for rent. See Acts and Resolves of Mass., 1920, c. 578; Laws of New Jersey, 1924, c. 69. Prior to the declaration of war, the establishment of Office of Price Administration and Civilian Supply by Executive Order issued April 11, 1941, recognized the necessity for inhibiting exorbitant increases in housing rentals. (See Borders, Emergency Rent Control, IX Law and Contemporary Problems 107 et seq.)

In January, 1942, Congress enacted the Emergency Price Control Act of 1942. The provisions thereof relating to rent control have been the subject of judicial scrutiny and approval in numerous Federal and state courts in the Nation. *Henderson* v. *Kimmel,* 47 F. Supp. 635 (USDC, D. Kans., 1942); *Dieffenbaugh* v. *Cook,* 47 F. Supp. 645 (USDC, Ind., 1942); *Kittrell* v. *Hatter,* 243 Ala. 472, (1942) 10 S. 2d 827; *Pratt* v. *Hollenbeck,* Court of Common Pleas, Erie County, Pa. (1943), Pike and Fischer

OPA Service, p. 622:109. Some of the decided cases deal specifically with and sanction the right of Congress to withhold from state courts the power to determine the invalidity of regulations promulgated by the Administrator. *Kittrell* v. *Hatter, supra; Scopline* v. *Heyer,* Circuit Court, Milwaukee County, Wisconsin, (1942), Pike and Fischer OPA Service, p. 622:39; *Vecchio* v. *Kelly,* Circuit Ct., Wayne County, Michigan, Id. p. 622:5. In *Johnson* v. *Swanson,* Superior Court, Washington (1943), Id., p. 622:89, it was held that the requirement of maximum rent regulations that notice be given to the area rent office before institution of an eviction action is mandatory, compliance therewith being a prerequisite to an eviction action. *Roach* v. *Johnson,* 48 F. Supp. 833 (USDC., N. D. Indiana, 1943,) stood alone in upholding the contention that Congress did not intend that the Administrator should have power to create defense areas and maximum rentals without hearings, and if so intended, the Act is unconstitutional. Recently, however, that judgment was nullified by the United States Supreme Court in its opinion dismissing the proceeding because the litigation was collusive and did not involve a real controversy. *U. S. A. and Roach* v. *Johnson,* 319 U. S. 302, 63 S. Ct. 1075, 87 L. Ed. 1413, (May 24, 1943). In *Locherty* v. *Phillips,* 63 Sup. Ct. 1019, 87 L. Ed. 1339, the United States Supreme Court upheld the constitutionality of the Act in its provisions withholding from Federal courts authority to enjoin enforcement of the Act, but the Court stated:

> "We have no occasion to determine now whether, or to what extent, appellants may challenge the constitutionality of the Act or the Regulation in courts other than the Emergency Court, either by way of defense to a criminal prosecution or in a civil suit brought for some other purpose than to restrain enforcement of the Act or regulations issued under it".

We have been cited to no case, and we have found none, which involved, as does the instant case, a proceeding

in prohibition, authorized under Code, 53-1-1, which provides that "The right of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds it, legitimate powers".

Jurisdiction in the lower court to entertain the eviction proceeding in its inception is not questioned, and rightfully so. General jurisdiction of all matters at law where the controversy, exclusive of interest, exceeds fifty dollars, accorded circuit courts in this jurisdiction by Constitution of West Virginia, Article VIII, Section 12, and Code, 51-2-2, includes the right to hear and determine actions of unlawful entry and detainer. Code, Chapter 55, Article 3; Hogg's Pleadings and Forms, Fourth Edition, page 275 et seq.

Since the Administrator charges that the circuit court exceeded its jurisdiction by considering the validity of the regulations and by sustaining the demurrer to special plea No. 1, determined the constitutionality of the Act, our primal inquiry must be to determine the reality of that assertion. A negative determination thereof would obviate the necessity of inquiry into the question of the right of a state court to consider the validity of the regulations.

The record which the litigants have brought here for perusal does not sustain the contention by express and specific statement. The judgment, as entered, does not reflect the reason for sustaining the demurrer. The answer of respondent Judge Arnold denies that he held the Act unconstitutional, but fails to state the ground or grounds for his ruling on the sufficiency of the plea. His answer, it is true, reflects his attitude currently on the validity of the regulations; but in this proceeding which challenges jurisdiction of a controversy to which finality of judgment has attached, we are not interested in his present position on the validity but what the trial court's judgment was upon sustaining the demurrer; and that judgment, as entered, does not record the reason.

The position of counsel for petitioner is that by sustaining the demurrer, the validity of the regulations was necessarily challenged. That does not follow necessarily.

In the action pending before the Circuit Court of Wetzel County recovery of possession of the premises, damages and rent were the objectives. Most of the rent had accrued at the time that Maximum Rent Regulation No. 53 became effective. Neither the special plea in the unlawful detainer action nor the petition in the instant proceeding, asserts that Rosa M. Wright, the landlord, was attempting to violate, or had violated any of the provisions or purposes of the Emergency Price Control Act. No averment in the pleadings in either court charges the landlord with seeking to obtain from the tenants any greater rent than that to which she was entitled. No charge appears in either court that the purpose of the action of the circuit court was to evade either the language or the spirit of the Act itself. The sole contention of the tenants set forth in their special plea was that the notices required by the Regulation had not been given. What pertinency can the regulations have if their application is not germane to the purposes of the statutory enactment which authorizes their issuance?

Section 205 of the Act deals with enforcement and authorizes the Administrator by court proceedings to enjoin violations of the matters prohibited by the Act or to enforce compliance with the provisions of Section 4 thereof. That section makes it unlawful to "demand or receive any rent for any defense-area housing accommodations, or otherwise to do or omit to do any act, in violation of any regulation or order under §2 * * *". Examination of the latter section reveals that the Administrator may, by regulation or order, prohibit "speculative or manipulative practices or renting or leasing practices (including practices relating to recovery of the possession) in connection with any defense-area housing accommodations, which in his judgment are equivalent to or are likely to result in price or rent increases, as the case may be, inconsistent with the purposes of this Act",

and Section 2 (g) authorizes regulations and orders "necessary to prevent the circumvention or evasion" of the Act. There is no suggestion that the attempted eviction came within any of the prohibitive practices. Suppose that the Administrator had sought by enforcement proceeding in a court of competent jurisdiction to compel the landlord to comply, pursuant to Sections 4 and 205 of the Act, would not the crux of the proceeding be the determination of whether defendant's conduct was in violation of the Act? What relevancy could there be to an alleged omission to comply with regulations if it has no relationship to the practices which the Act seeks to eliminate?

We find no inhibition in the Act that a state court may not determine either its applicability or that of the regulations to a case pending in such court. In *Henderson v. Gandy*, 47 F. Supp. 381 (USDC., E. D. Pa., 1942), the Administrator sought to enjoin defendants from violating certain sections of the Act, and the district court, finding that the rental of the property involved exceeded that of maximum regulation, refused the prayer for injunction because the premises constituted a nuisance. It pertinently observed in the opinion as a basis for its refusal:

> "However, the purpose here sought to be accomplished seems to me not to be in keeping with the broad objectives sought to be attained by the Act, nor in harmony with the remedy for housing ills in the present crisis".

There is no contention that, upon the entire record, including the evidence which, while here, is not made a part of the record and therefore not considered, the circuit court erred in its judgment: the petition before us challenges only the court's ruling on the demurrer to the special plea. The complete proceedings may supply the relevancy of the regulations to the act of Mrs. Wright in instituting the suit. Our conclusions here are solely upon the proceedings before us now. When it adjudged the sufficiency of the pleading, the court had before it

only a summons in unlawful entry and detainer and a bill of particulars setting forth in detail the items which the plaintiff landlord sought to recover, which included one for delinquent rent. The provisions of the very regulations relied upon by the Administrator for the ousting of the trial court's jurisdiction inhibit evictions only "so long as the tenant continues to pay the rent to which the landlord is entitled."

It is questionable too whether filing of the special plea was proper since Code, 55-3-3, provides that the plea in an unlawful detainer action is "not guilty" and there is eminent text authority that such plea is the only proper one. Hogg's Pleadings and Forms, *supra,* p. 275; Burk's Pleading and Practice, Third Ed., Section 106; Barton's Law Practice, Second Ed., p. 1164 et seq. Apparently, this must have been the procedural principle which counsel for Mrs. Wright had in mind in urging in the demurrer that the matter contained in the special plea was admissible under the general issue. Hence, without deciding the propriety of the filing of the special plea, it is seen that the trial court could have sustained the demurrer on that ground which would not have involved consideration of the validity of the regulations.

From the foregoing we are unable to say that the judgment of the trial court involved consideration of the validity of the regulations or constitutionality of the Act. What then shall be the judgment of this Court in the issuance of the writ of prohibition?

As we have hereinbefore observed, the extraordinary writ of prohibition issues as a matter of right in the instances enumerated by the legislature. The power of this Court to issue the rule emanates from the Constitution itself. Constitution of West Virginia, Article VIII, Section 3. The appellate court has stood as a medium of assurance that inferior courts do not abuse the powers which have been granted to them; but the surrender of jurisdiction of our state courts must always be the subject of the most solemn consideration. Exigencies of war, which have been utilized by other courts as basis for sustaining

the Act and the regulations issued thereunder, are indeed impressive reasons, but the same fundamental law which grants this Court the power of original jurisdiction in cases of prohibition contains the admonition that,

> "The provisions of the Constitution of the United States, and of this State, are operative alike in a period of war as in time of peace, and any departure therefrom, or violation thereof, under the plea of necessity, or any other plea, is subversive of good government, and tends to anarchy and despotism."

Constitution of West Virginia, Article I, Section 3. When it is realized that this State came into existence during the struggle between the states, the admonition must of necessity be meaningful. It has long been the rule that prohibition will issue only in clear cases. *McConiha* v. *Guthrie, Judge,* 21 W. Va. 134; *Vineyard* v. *O'Brien,* 100 W. Va. 163, 130 S. E. 111. The jurisdiction of the Circuit Court of Wetzel County to entertain the eviction proceeding, when instituted, is clear. If there is to be an ouster of that jurisdiction, the challenge likewise must be as clear, and from what we have hereinbefore stated, it is our conclusion that the Administrator's petition here does not show that the trial court exceeded its legitimate powers. We cannot accord to the instant case the status essential for application of the doctrine enunciated in *White Sulphur Springs, Inc.* v. *Jarrett, Judge,* 124 W. Va. 486, 20 S. E. 2d 794. We do not at this time determine whether upon the entire record the trial court erred. If such is the case, the litigants in the court below have their remedies by writ of error. Judicial precedent in this jurisdiction precludes the use of the writ of prohibition as a means of correcting mere errors and irregularities in matters over which the inferior court has cognizance. See *Wolfe* v. *Shaw, Judge,* 113 W. Va. 735, 737, 169 S. E. 325, for citation of cases so holding. In Ferris Extraordinary Remedies, pages 442, 443, it is said: "If the Court has jurisdiction of the class of cases to which the

proceeding belongs, and acquires jurisdiction over the subject matter, it has the power and jurisdiction to determine the sufficiency of the pleading, and also to decide whether or not the plaintiff is entitled to the relief sought, leaving the losing party the right to have such judgment reviewed by some ordinary process, as by appeal, * * *. Given the jurisdiction, all else is a mere matter of error."

The writ is therefore denied.

*Writ denied.*