MINNIE MYERS

*v.*

EARL F. MYERS

(No. 9707)

Submitted September 25, 1945. Decided November 13, 1945.

*Martin Brown,* for appellant.
*W. F. Keefer,* for appellee.

LOVINS, PRESIDENT:

The Judge of the Circuit Court of Marshall County by an order entered in vacation required Earl F. Myers to pay Minnie Myers, or her counsel, the sum of $225.00 to enable her to defend her rights on an appeal lately pending in this Court in the suit of *Myers* v. *Myers*, from which order Earl F. Myers appealed.

Minnie Myers instituted a suit for divorce in the Circuit Court of Marshall County against Earl F. Myers. That court, after a hearing on the pleadings and proof, entered a decree granting her a divorce, and awarded her sole custody of two children of the marriage, suit money, permanent alimony, and the ownership of certain personal property. On appeal to this Court the decree of the Circuit Court of Marshall County was reversed and the bill of complaint dismissed. *Myers* v. *Myers*, 127 W. Va. 551, 33 S.E. 2d 897. During the pendency of the appeal plaintiff caused a notice to be prepared, addressed to her husband, which stated that she would on the 30th day of December, 1944, at ten o'clock a. m., move the Circuit Court of Marshall County, or the Judge thereof in vacation, at the courthouse of said county to enter an order requiring Earl F. Myers to pay her a sufficient sum of money to enable her properly to defend her rights in the Supreme Court of Appeals in connection with the appeal hereinabove mentioned.

The notice was delivered to Catherine Myers by a deputy sheriff of Ohio County, who made a return of service thereon as follows: "Executed the within and hereto annexed notice within Ohio County, West Virginia, this 19th day of December, 1944, as to within named Earl F. Myers not being found in Ohio County, by delivering a true copy thereof at his usual place of abode in said county to Catherine Myers she being his mother and found there and being a member of his family and above the age of 16 years and a resident of said Ohio County at the time of said service; also by then and there giving information of the purport of said copy to the said Catherine Myers. W. H. Havercamp, D. S. for Sheriff of Ohio County Thomas B. Padden, S.O.C."

On the return day of the notice counsel for Earl F. Myers appeared specially and moved the Judge of the Circuit Court to quash the notice and return thereon. In support of the motion, counsel for Earl F. Myers introduced the testimony of Catherine Myers who testified that she is the mother of Earl F. Myers by adoption; that she resides in the City of Wheeling, Ohio County; and that she was handed a copy of the notice by the sheriff. She further testified that the house in which she lived was not the home of Earl F. Myers; that it had never been his usual place of abode; that she informed the sheriff of that fact at the time of delivery of the notice to her; that she did not know whether Earl F. Myers had a usual place of abode; that his home had been broken up; and that he was then in the Navy of the United States.

No petition was filed. Minnie Myers relied on an oral motion, made pursuant to the notice. The Judge of the Circuit Court of Marshall County, upon the showing so made, entered the order as hereinabove set forth.

The jurisdiction of the Judge of the Circuit Court of Marshall County to enter the order here complained of is the controlling question. The power of a court, having jurisdiction of a suit for divorce or the judge of said

court in vacation to make an allowance for suit money and counsel fees after commencement of the suit and reasonable notice given to the man, is not open to doubt. Code, 48-2-13. *Thacker* v. *Ferguson*, 127 W. Va. 177, 32 S.E. 2d 47, and cases there cited. The power of the trial court continues after an appeal to this Court. Code, 48-2-13. *Maxwell* v. *Maxwell*, 67 W. Va. 119, 67 S.E. 379. Reasonable notice to the man is indispensable to the validity of an order making such allowance. *Thacker* v. *Ferguson, supra.*

The return of service of the notice discloses that the notice purports to have been served in one of the modes provided for in Code, 56-2-1.

The notice addressed to Earl F. Myers was sufficiently explicit, and we can see no ground for objection thereto if the same was legally served on him. The inquiry herein is therefore narrowed to the question of service of the notice on Earl F. Myers. It is contended that a sheriff's return of service of a notice is a verity and cannot be contradicted. The common law rule that a return of process made by a sworn officer is a verity has been stated by this Court as follows: "But the return of process by a sworn officer whose duty it is to serve it, showing the proper service must be accepted as a verity. That is the settled law of this state." *Milling Co.* v. *Read*, 76 W. Va. 557, 568, 85 S.E. 726. A modification of that rule is made in the case of *Nuttallburg Smokeless Fuel Co.* v. *National Bank*, 89 W. Va. 438, 109 S.E. 766. The gist of such modification will be found in the following: "While a sheriff's return of service may be conclusive on the parties so far as it concerns the sheriff's physical acts, and as to his recitals respecting the person on whom the service was made and the date thereof, it is not conclusive as to his conclusion of law that the person on whom service was made represented the defendant in such capacity as to authorize service on him." *Higham* v. *Iowa State Traveller's Assn.*, 183 F. 845; *Lanham* v. *Auto Co.*, 115 W. Va. 415, 176 S.E. 604; *Hatfield* v. *Coal & Coke*, 111 W. Va. 289, 161 S.E. 572. Cases decided by

this Court subsequent to the decision in *Nuttallburg Smokeless Fuel Co.* v. *National Bank, supra,* are reviewed and discussed in *Lanham* v. *Auto Co., supra.*

In the case of *Lanham* v. *Auto Co., supra,* this Court considered the verity of a sheriff's return of service of a notice of motion for judgment, and it was there reasoned that the return of service of such notice was presumed to be true. A notice of motion for judgment takes the place of both a declaration and a summons in an ordinary action. *Jennings* v. *Wiles,* 82 W. Va. 573, 96 S.E. 1009. In that aspect it is to be distinguished from the notice here considered, which is only incidental to the primary purpose of the divorce suit. The distinction between process commencing a suit or action and a notice to take depositions is clearly stated in *Bowyer* v. *Knapp & Martin,* 15 W. Va. 277, 292: "There is not the same dignity attached to a notice to take depositions that there is to a writ; the same grave consequences could not follow the contradiction of the return of the sheriff to such a notice as to a return upon a writ. The notice to take depositions is but an incident to the suit, while the writ lies at the very foundation of the action; and any invalidity cast upon it might seriously damage the rights of third parties, and unsettle many things that should be regarded as established. We are therefore of opinion that a sheriff's return of service upon a notice to take depositions is *prima facie* evidence of its truth, but may in the case in which such notice was returned, be contradicted by parol evidence." See *Barksdale* v. *Neal,* 16 Gratt. 314, 317, where the following statement is made: "There is a manifest difference between a return on a summons and a return upon a notice. A summons is directed to an officer, and contains a mandate to which his return of 'executed' is a response that the thing commanded has been done. A notice is not directed to any officer, but to the party on whom it is to be served. It contains no mandate, and therefore a return of 'executed,' simply, is no response, but unmeaning." A sheriff's return of service of notice of mechanic's or

materialman's lien is *prima facie* proof of service there-. of. *Davisson* v. *Bailey*, 68 W. Va. 681, 70 S.E. 696; *Virginia Supply Co.* v. *Calfee*, 71 W. Va. 300, 76 S.E. 669.

. Although the notice required by Code, 48-2-13, is indispensable to making an allowance for suit money and counsel fees, such notice does not emanate from a court or an officer thereof. It is signed by one of the litigants. addressed to another, and is not process commencing a suit or action. The allowance of suit money and counsel fees is incidental to a suit for divorce and the force and effect of a final decree rendered in such suit is in no wise affected by contradiction of the sheriff's return of service of such notice. The recitals in the return of service that Catherine Myers was a member of Earl F. Myers' family and that service was made at his usual place of abode are not conclusive. *Hatfield* v. *Coal & Coke, supra*; *Lanham* v. *Auto Co., supra.*

We are of opinion that the sheriff's return of service of a notice required by Code, 48-2-13, is *prime facie* proof of service only, and that such return may be contradicted by parol evidence.

The testimony shows that Catherine Myers, mother by adoption of Earl F. Myers, was not at the time of delivery of the notice a member of his family, and that her residence in Ohio County was not his usual place of abode. Nothing is shown to the contrary. Counsel for Earl F. Myers seems to have had knowledge of the pending motion, but there is no evidence in the record that such knowledge had been imparted to Earl F. Myers, or that formal notice had been served on him. In view of the statutory requirement contained in Code, 48-2-13, that there be given "reasonable notice to the man", knowledge of his counsel is not sufficient. *Thacker* v. *Ferguson, supra.*

We reach the conclusion that the testimony of Catherine Myers not being contradicted wholly disproves the *prima facie* evidence of substituted service based on the sheriff's return. The order here complained of was made

166

without reasonable notice to Earl F. Myers and the entry thereof was error.

For the foregoing reasons the vacation order entered by the Judge of the Circuit Court of Marshall County is reversed and this proceeding is dismissed.

*Reversed and dismissed.*