CHARLES FINNEGAN

*v.*

LLOYD ARNOLD, JUDGE OF THE CIRCUIT COURT OF MARSHALL COUNTY, ETC., *Et Al.*

(No. 10187)

Submitted September 7, 1949. Decided September 27, 1949.

Lovins, Judge, not participating.

*Martin Brown,* for petitioner.

*Charles L. Ihlenfeld,* for defendants.

Kenna, Judge:

In a divorce proceeding pending in the Circuit Court of Marshall County Dorthy Finnegan on February 14, 1949, was granted a decree from Charles Finnegan, the defendant, the custody of their only child and one hundred dollars a month alimony. On May 9, 1949, this Court awarded Charles Finnegan an appeal and supersedeas from that decree. On May 17, 1949, the required supersedeas bond was properly lodged. After due notice on May 28, 1949, Dorthy Finnegan filed a written petition before the Circuit Judge of Marshall County praying for an order requiring Charles Finnegan to advance a reasonable sum to pay her attorney for his services in this Court, a reasonable amount for the preparation and printing of her brief, a reasonable amount to pay her traveling expenses between Moundsville and Wheeling to her attorney's office, and maintenance for her during the pendency of the appeal. Upon the hearing upon the petition Charles Finnegan appeared specially, contending that subsequent to an appeal and supersedeas the Circuit Court of Marshall County was deprived of jurisdiction to consider the matters presented by petitioner. His contention was overruled by the Circuit Judge of Marshall County and, after hearing, an order was entered awarding the petitioner one hundred and fifty dollars as an attorney's fee upon appeal, fifty dollars to pay the expense of printing her brief, twenty-five dollars traveling expenses, and

sixty dollars a month for her maintenance pending the appeal. The respondent paid one hundred and fifty dollars attorney's fee and the fifty dollars allowed for the expense of printing briefs, commonly called "suit money." He declined to pay the monthly amount allowed for maintenance and the amount allowed petitioner for traveling expenses, filed his petition in this Court for a writ of prohibition to prevent the Circuit Court of Marshall County from enforcing its order on the theory that it lacked jurisdiction after the granting of an appeal and supersedeas to award petitioner either maintenance or traveling expenses.

If we correctly understand the position taken by the husband upon this application for prohibition it is that Code, 48-2-13, contains no provision which authorizes the trial court to provide for the maintenance of the woman after an appeal and supersedeas to a decree of divorce is perfected. Further, that upon the perfection of a supersedeas of a decree awarding a monthly payment of alimony it would be a mere circumvention of the effect of the supersedeas to permit the same judge to say to the same person against whom he had decreed alimony that he is required to make a monthly payment to the same person and for the same reason *pendente lite* the appeal.

We believe that a divorce decree the effect of which is suspended by supersedeas, does not have the effect of relieving the husband from his duty of support and maintenance owed his wife. Surely that duty continues until the decree of a court of competent jurisdiction supplants it by becoming final. Then, of course, if alimony is either allowed or refused and a divorce granted, the husband's duty as such is supplanted by the terms of the decree. This, we believe, is the reason that underlies the legislative purpose in enacting Code, 48-2-13.

Certainly the power to provide for the maintenance of the wife when husband and wife are not only living apart but are separated by pending litigation involving their marital relations must rest somewhere. We held by a divided Court in *Maxwell* v. *Maxwell*, 67 W. Va. 119, 67

S. E. 379, that jurisdiction does not lie in this Court for that purpose when the case is here on appeal. The holding in the *Maxwell* case has been approved in *Crouch* v. *Easley*, 119 W. Va. 208, 192 S. E. 690; *Thacker* v. *Ferguson*, 127 W. Va. 177, 32 S. E. 2d 47; and *Myers* v. *Myers*, 128 W. Va. 160, 33 S. E. 2d 897. This Court being without jurisdiction to consider the maintenance of the wife *pendente lite* on appeal, the circuit court certainly cannot entertain that jurisdiction before an appeal granted. Then, of course, it would be a mere matter of anticipation and a court should not be required to assume that appeals will be granted to decrees that it considers fair and just. So that, the circuit court is certainly without jurisdiction to anticipate an appeal and grant allowances accordingly, and this Court is definitely without jurisdiction to grant allowances after an appeal is perfected. That being so, the only remaining power to provide for the maintenance of the wife during the pendency of an appeal rests in the circuit court or the judge thereof.

Concerning the item of twenty-five dollars traveling expenses from her home in Moundsville to the office of her lawyer in Wheeling, we think it is properly regarded as "suit money" and therefore within the discretion of the trial judge.

Although the governing statutory provisions are different in other jurisdictions, we have nevertheless examined the decisions in a number of other states and we believe that the foregoing conclusions are the trend of modern authority. See the annotation in 136 A. L. R. 502 and Keezer on Marriage and Divorce, Third Edition, 633.

None of the cases that we have examined, including our own, expressly deals with the effect of a supersedeas upon a divorce decree. In other than divorce cases, courts seem agreed that jurisdiction for the purpose of preserving the *res* in litigation is retained by the *nisi prius* court after appeal and supersedeas granted, although divided as to whether a supersedeas affects only and is limited to the judgment or decree sought to be reviewed, or prevents further proceedings of any kind in the case. We do not

hesitate to say that in divorce matters a supersedeas is restricted to the decree sought to be reviewed and proceedings involving allowances pending an appeal are separate and distinct from the final decree superseded, and, while jurisdictionally based thereon, are not an integrated part thereof, the supersedeas in that respect not affecting them.

For the foregoing reasons the peremptory writ of prohibition is refused.

*Writ refused.*