TERESA DAWN HARLAN

*v.*

GEORGE TRIPLETT, *Judge, Circuit Court of Randolph County, West Virginia*

(No. 13370)

Submitted June 19, 1973.          Decided July 3, 1973.

*John A. Cain,* for relator.

*Raymond L. Fair,* for respondent.

HADEN, JUSTICE:

The petitioner seeks the writ of prohibition against the Circuit Court of Randolph County attacking an order entered by that court on April 23, 1973 *pendente lite* in a divorce action in which petitioner is plaintiff and Richard Lee Harlan is defendant.

The order assailed awarded custody of two infant children to the petitioner, their mother, and directed the father to pay sixty dollars biweekly for the support of each child until the case is resolved by final order. The lower court also permitted the father to have the children with him from Friday night until Sunday night each week. Petitioner seeks this writ because the court's order is silent and makes no award to her of temporary maintenance or alimony, attorney's fees and court costs nor gives her the protection of an injunction restraining her husband from threatening her personal liberty. Although there is no record to support her demands, the petitioner asserts the trial court has exceeded its legitimate powers and the writ should issue as a matter of right. She says the court has no alternative but to grant her demands except for the matters of visitation and injunction; and in these matters, the court has abused its discretion.

We cannot agree with these contentions. West Virginia Code, Chapter 48, Article 2, Section 13, as amended in 1969, governs the granting of relief *pendente lite* to parties in divorce and annulment actions and extends to the court having jurisdiction substantial latitude and discretion regarding the matters contained therein. Such discretion is rarely reachable upon prohibition and the writ should issue only in clear cases of abuse. *Woodall v. Laurita,* 156 W.Va. 707, 195 S.E.2d 717 (1973); *Brown v. Arnold,* 125 W.Va. 824, 26 S.E.2d 238 (1943).

In a significant departure from the past, the Legislature has now provided that preliminary relief in civil actions seeking resolution of martial difficulties is available either to the wife or husband, as in the judgment of the court, factual presentations require. See, Note, 72 W.VA. L. REV. 104, 105 (1969-70).

In the case before us, there has been no factual showing which warrants a ruling that the trial court has exceeded its legitimate powers. All the matters of preliminary relief requested by petitioner herein—as respects maintenance, money to prosecute or defend the action, custody and support of minor children, prevention of restraints on the personal liberty of a party, preservation of the estate of a party, and security to abide the court's order—are by *Code* 1931, 48-2-13, as amended, within the sound discretion of the trial court.

The demurrer filed by the respondent trial court challenges the sufficiency of the petition and asserts the discretion accorded the court by the statute. For these reasons, the rule previously awarded is discharged, the respondent's demurrer is sustained, and the writ is denied.

*Writ denied.*