334 S.E.2d 650

**Gaylord Glenn CONNER, Jr.**

v.

**Marion Sue CONNER.**

No. 16479.

Supreme Court of Appeals of West Virginia.

Submitted April 24, 1985.

Decided June 14, 1985.

H. Truman Chafin, Williamson, for appellee.

Herbert H. Henderson, Henderson & Henderson, Huntington, for appellant.

MILLER, Justice:

This is an appeal by Marion Sue Conner from a final judgment of the Circuit Court of Mingo County in a divorce action entered on January 17, 1984. The appellant's three assignments of error are that the trial court erred by (1) considering her mother's income in fixing the amount of alimony and child support, (2) denying her claim for one-half or at least a proportionate share of the jointly owned property, and (3) refusing to award her any attorney's fees. We address the issues in the order presented to us, and we reverse the circuit court.

From a review of the record, we do not believe that the trial court specifically considered the appellant's mother's income in determining what amount of alimony and child support payments the appellant should receive. Rather, the court found that the mother was living in the marital home (to which the wife had been given possession) and had been making some economic contribution to the appellant for her boarding expense. It appears that this contribution could be analogized to rent received by the appellant. We do not believe that it was error for the trial court to consider this, particularly since the wife does not urge that the amount of alimony and child support awarded is inadequate.

We conclude, however, that the trial court erred in awarding the appellee all of approximately $18,500 held in a joint savings account at the Matewan National Bank. There is a rebuttable presumption that this money was jointly owned under W.Va.Code, 31A-4-33. We ruled in Syllabus Point 3 of *Dorsey v. Short*, 157 W.Va. 866, 205 S.E.2d 687 (1974), that:

> "Prior to the death of a donor depositor, a rebuttable presumption exists under the provisions of Code, 1931, 31A-4-33, as amended, that the ownership of the funds is joint, a presumption which may be overcome by competent evidence."

We held in *Simmons v. Simmons*, 171 W.Va. 170, 174, 298 S.E.2d 144, 147 (1982), that even a "withdrawal of the funds by the donor depositor does not conclusively rebut the presumption...." Here, unlike the recent case of *Simmons v. Simmons*, 175 W.Va. 3, 330 S.E.2d 325 (1985), there was no evidence introduced to rebut the presumption and, therefore, the trial court erred in awarding all the money in the joint savings account to the appellee. *Dodd v. Hinton*, 173 W.Va. 69, 72, 312 S.E.2d 293, 296 (1984).

The trial court refused to award certain other personal property, including bank stocks that were in their joint names until sometime prior to the divorce proceedings, to the appellant. The appellant asserted that she was entitled to one-half of the property on the homemaker services theory of equitable distribution recognized in *LaRue v. LaRue*, 172 W.Va. 158, 304 S.E.2d 312 (1983). However, the circuit court correctly held that the divorce complaint was filed prior to that decision and the case was not on appeal when *LaRue* was decided on May 25, 1983, and thus the

claim could not be asserted. In Syllabus Point 14 of *LaRue*, we held:

"Equitable distribution based on homemaker services should be applied prospectively, that is, only to those cases filed after the date of this opinion. Since we have applied the homemaker principles to the present case, we will extend these principles to those cases presently on appeal to this Court where an equitable distribution claim for homemaker services has actually been presented in the lower court." [1]

The appellant's contention that she should have been awarded attorney's fees should have been considered. At the conclusion of the first evidentiary hearing, the trial judge granted the divorce and stated from the bench that he was awarding the appellant $1,000 in attorney's fees to be paid prior to any further hearing in the case. Although there was no objection to this oral pronouncement, no attorney's fee award was provided for in the decree entered a few days following the hearing.

At a subsequent hearing in August, 1983, the appellant's counsel renewed his request for an attorney's fee award. The trial judge stated that although he ordinarily did award attorney's fees in divorce proceedings, he could not do so in this case because no specific request had been made in the appellant's pleadings. Counsel argued that attorney's fees could be awarded under the general prayer for such further and general relief as the court deemed proper. He also requested leave to file a verified petition seeking attorney's fees.

The judge did not rule on counsel's request to file an attorney's fee petition and refused to award attorney's fees solely because of the absence of a specific request in the pleadings. At a subsequent change of custody hearing,[2] counsel for the appellant requested a reasonable fee for petitioning this Court for a writ of error. The trial court again denied the request on the same ground.

■ It was error for the trial court to refuse consideration of an attorney's fee award solely because no specific demand for such relief was made in the original pleadings. Traditionally, in suits for divorce in this State, the wife was awarded a sum of money for attorney's fees and costs, often referred to as "suit money," [3] in an amount sufficient to prosecute or defend the suit to a conclusion. The customary practice was to regard the wife as not having any independent income and for the court, without inquiring into the merits of the case, to allow her suit money and attorney's fees. This award was in practice an interlocutory matter and was not usually dealt with in the final decree. Additional amounts would be awarded from time to time as the circumstances of the case required. *E.g., State ex rel. Davis v. Isbell*, 108 W.Va. 104, 106, 150 S.E. 377, 378 (1929).

■ To obtain such an allowance, the wife would serve written notice on the husband after the suit had been commenced and the defendant had been served with process or had made an appearance conferring personal jurisdiction on the court.

---

1. The appellant did not assert a claim under W.Va.Code, 48–3–10 (1931), relative to the presumption of gift between husband and wife. This statute was amended in 1984 as a result of the passage of the equitable distribution statute, W.Va.Code, 48–2–32 (1984).

2. The parties' teenage daughter after a disagreement with the appellee moved back into the marital home with the appellant. Upon appellant's motion, the court granted a change of custody and ordered the appellee to pay $300 a month child support until the daughter's eighteenth birthday.

3. "Suit money" is a broad general term that has been held to include such litigation expenses as attorney's fees and the cost of taking deposi-

tions, expenses of investigation, travel expenses, living expenses at the place of trial, and the like. *See* H. Clark, The Law of Domestic Relations § 14.2 (1968). A circuit court allowance of $25 to the wife for expenses incurred in traveling to her lawyer's office was upheld as being an award of suit money within the discretion of the trial judge in *Finnegan v. Arnold*, 133 W.Va. 221, 224, 55 S.E.2d 399, 400 (1949). Suit money awardable under W.Va.Code, 48–2–13, also includes the cost of transcribing the record and other necessary costs incident to an application for an appeal. *See State ex rel. Hammond v. Worrell*, 144 W.Va. 164, 107 S.E.2d 788 (1959).

*E.g., Coger v. Coger,* 48 W.Va. 135, 35 S.E. 823 (1900). As noted in *Coger,* 48 W.Va. at 137, 35 S.E. at 824, this result was dictated by statutory language which stated:

"Section 9 of chapter 64 of the Code, provides that, 'The court in term, or the judge in vacation may, at any time pending the suit, make any order that may be proper to compel the man to pay any sum necessary for the maintenance of the woman, or to enable her to carry on the suit.' "

Even though our statute did not originally provide for reasonable notice, it would appear that we considered this requirement to be implicit in the statute. *See Keller v. Keller,* 58 W.Va. 325, 52 S.E. 318 (1905). In the 1931 revisions of our Code, statutory language was added that provided for "reasonable notice to the man" and expanded the right to suit money "on appeal." W.Va.Code, 48–2–13 (1931).[4]

In Syllabus Point 2 of *Myers v. Myers,* 128 W.Va. 160, 35 S.E.2d 847 (1945), the Court held that "[t]he entry of an order making an allowance of suit money and counsel fees in the absence of 'reasonable notice to the man' is reversible error." In that case, the wife who had been granted a divorce attempted to serve notice on her husband that she was seeking an allowance sufficient to permit her to defend against the appeal he was taking to this Court. The Court found that proper service of the notice had not been made on the husband in Ohio and therefore reversed the award. *See also Thacker v. Ferguson,* 127 W.Va. 177, 32 S.E.2d 47 (1944); *see generally* Annot., 10 A.L.R.3d 280 (1966).

■ We note that in 1969, W.Va.Code, 48–2–13, was amended to drop out the word "man," thus making it clear that maintenance and suit fees might be awarded a husband in an appropriate case.[5] We also believe that the 1969 revision by eliminating the word "man" dispensed with the technical requirement that is suggested in some of our older cases that the notice of a demand for an award of separate maintenance or suit money has to be served directly on the husband, even where he has appeared through an attorney and the attorney is served with the notice. *Myers v. Myers, supra.*

■ There is no conflict between W.Va. Code, 48–2–13 (1969), and the West Virginia Rules of Civil Procedure. The procedural requirement imposed by the statute for an award of attorney's fees and suit money after commencement of the action is reasonable notice to the other party. If not contained in the original pleadings, a motion may be made under Rule 7(b) of the West Virginia Rules of Civil Procedure. Under Rule 7(b), an application to the court for an order shall be by written motion, unless made orally during a hearing or trial, and it must state with particularity the grounds therefor and set forth the relief sought. Every written motion, except one which may be heard *ex parte,* together with a notice of the hearing thereof, must be served at least seven days before the date specified for the hearing, unless a different period is fixed by the rules or by order of the court. Rule 6(d), W.Va.R.C.P. Service is usually made on the opposing attorney and service by mail is sufficient under Rule 5(b). If service is by mail,

---

4. W.Va.Code, 48–2–13 (1931), provided, as pertinent here:

"The court in term, or the judge in vacation, may, at any time after commencement of the suit *and reasonable notice to the man,* make any order that may be proper to compel the man to pay any sum necessary for the maintenance of the woman, and to enable her to carry on or defend *the suit in the trial court* and on appeal should one be taken...."

The annotators noted that since suit money for appeal had been accorded in *Wass v. Wass,* 42 W.Va. 460, 26 S.E. 440 (1896), the statutory change was to conform to our case law.

5. In Syllabus Point 1 of *Harlan v. Triplett,* 156 W.Va. 818, 197 S.E.2d 653 (1973), we said: "With the passage of *Code* 1931, 48–2–13, as amended in 1969, the Legislature has now provided that preliminary relief in civil actions seeking resolution of marital difficulties is available either to the wife or the husband as, in the judgment of the trial court, factual presentations require." *See also Murredu v. Murredu,* 160 W.Va. 610, 236 S.E.2d 452 (1977); Note, 72 W.Va.L.Rev. 104 (1969–70).

three additional days must be allowed. Rule 6(e), W.Va.R.C.P.

Certainly in the present case, where the attorney requested permission to file a written motion for attorney's fees, service of notice on counsel for the husband under Rule 5(b) would be sufficient. We believe the court erred in foreclosing the appellant's right to seek attorney's fees.[6]

█ Furthermore, we are of the view that where, in the absence of written notice requesting suit money and attorney's fees, the issue has been fairly heard by the circuit court and an award has been made, such an award cannot be attacked because of the lack of reasonable notice by virtue of Rule 15(b) of the West Virginia Rules of Civil Procedure. This rule provides, in material part:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made

upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."

We recognized in *Murredu,* 160 W.Va. at 620, 236 S.E.2d at 459, that Rule 15 "is applicable to divorce actions." In Syllabus Point 4, in part, of *Floyd v. Floyd,* 148 W.Va. 183, 133 S.E.2d 726 (1963), we said: "[I]f an issue is so raised in trial and tried by consent of the parties without such amendment, it is treated as if it had been raised in the pleadings and the failure to amend will not affect the verdict."

For the foregoing reasons, we reverse the judgment of the Circuit Court of Mingo County and remand the case for further proceedings consistent with this opinion.

Reversed and Remanded.

---

**6.** We also note that it is of no legal consequence that the successful divorce action was instituted by the husband, where upon consideration of all the relevant circumstances, an attorney's fee award would otherwise be proper. *Nagy v. Oakley,* 172 W.Va. 569, 572, 309 S.E.2d 68, 71 (1983); *accord, Rowlee v. Rowlee,* 211 Va. 689, 179 S.E.2d 461 (1971).