**IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA**

**January 2018 Term**

_____

No. 17-0528
_____

**FILED**

**April 26, 2018**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JULIAN S. ARCHULETA,**
**Defendant Below, Petitioner**

**V.**

**US LIENS, LLC,**
**Plaintiff Below, Respondent**

_____

**Appeal from the Circuit Court of Berkeley County**
**Honorable Christopher C. Wilkes, Judge**
**Civil Action No. 15-C-407**

**REVERSED AND REMANDED**

_____

**Submitted: April 10, 2018**
**Filed: April 26, 2018**

Tammy M. McWilliams                  Christopher P. Stroech
Trump & Trump                        Arnold & Bailey
Martinsburg, West Virginia           Charles Town, West Virginia
Attorney for Petitioner              Attorney for Respondent

**JUSTICE DAVIS delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1.      Noncompliance with the mandatory requirements of W. Va. Code § 11A-3-19 (2010) (Repl. Vol. 2017) is a jurisdictional defect not subject to curative measures.

2.      West Virginia Code § 11A-3-19 (2010) (Repl. Vol. 2017) provides that a property owner must be served notice of the right to redeem property as outlined under W. Va. Code § 11A-3-22 (2013) (Repl. Vol. 2017), and that failure to provide notice in the manner required will result in the tax purchaser of the property losing all benefits of the purchase.

3.      West Virginia Code § 11A-3-22(d) (2013) (Repl. Vol. 2017) provides that, in order to comply with the redemption notice requirements for Class II property, in addition to other notice requirements set forth in W. Va. Code § 11A-3-22, notice must also be addressed to "Occupant" and mailed to the property.

**Davis, Justice:**

This is an appeal by Petitioner, Julian S. Archuleta (defendant below), from a summary judgment order of the Circuit Court of Berkeley County. The circuit court's order vested title to Petitioner's home to the Respondent, US Liens, LLC (plaintiff below). In this appeal, the Petitioner contends that she was entitled to summary judgment because there was no material issue of fact in dispute regarding the Respondent's failure to comply with all of the requirements for providing her notice of the right to redeem her home. After a careful review of the briefs, the appendix record, and listening to the oral arguments of the parties, we reverse.

# I.

## FACTUAL AND PROCEDURAL HISTORY

The record indicates that the Petitioner, who is in her seventies, and her father purchased a home in Martinsburg, West Virginia, in 1994. The home was subject to a mortgage. It appears that the lender required the Petitioner and her father to make monthly payments for property taxes into an escrow account for the life of the loan. The lender was ultimately responsible for paying property taxes from the escrow account. The Petitioner's father died in 2003, after which title to the property vested in Petitioner by right of survivorship. The mortgage was satisfied in 2012. Once the loan was satisfied the lender was no longer responsible for paying property taxes.

1

After the termination of the tax escrow account, the Petitioner failed to pay her property taxes for the year 2012. As a result of the 2012 taxes not having been paid, the Sheriff of Berkeley County held an auction on November 19, 2013, to sell the tax lien on the Petitioner's home. The Respondent purchased the tax lien on the property at the auction. It appears that during the first few months of 2015, the Respondent, through the West Virginia State Auditor, unsuccessfully attempted to have the Petitioner notified,[1] by mail[2] and newspaper publications,[3] of her right to redeem the property. On April 1, 2015, a deed to the property was conveyed to the Respondent by a State Auditor appointee. Thereafter, on July 23, 2015, the Respondent filed the instant proceeding in circuit court to quiet title to the property.[4]

---

[1]*See* Syl. pt. 1, in part, *Wells Fargo Bank, N.A. v. UP Ventures II, LLC*, 223 W. Va. 407, 675 S.E.2d 883 (2009) ("Under W. Va. Code, 11A-3-19(a), a tax sale purchaser is required to provide notice to parties who are of record at any time after the thirty-first day of October of the year following the sheriff's sale, and on or before the thirty-first day of December of the same year.").

[2]The mail was returned "unclaimed."

[3]The Respondent claims that he also attempted personal service on Petitioner. The circuit court's summary judgment order did not indicate that personal service was attempted.

[4]"In West Virginia, a suit to quiet the title to a tax deed is authorized by W. Va. Code, 11A-3-62(b)." *MZRP, LLC v. Huntington Realty Corp.*, No. 35692, 2011 WL 12455342, at *2 (W. Va. Mar. 10, 2011) (Memorandum Decision).

The Petitioner filed an answer and counterclaim to the petition to quiet title.[5] In her response, the Petitioner asserted that in January 2015 she was hospitalized in Arlington, Virginia.[6] The hospital eventually released her to a nursing facility in Arlington. The Petitioner was not able to return to her home in Martinsburg until April 2015. The Petitioner further alleged that the Respondent failed to comply with all of the statutory requirements for providing her with notice of the right to redeem her home. Specifically, the Petitioner alleged that the Respondent failed to comply with W. Va. Code § 11A-3-22(d) (2013) (Repl. Vol. 2017), by addressing a notice to redeem to "Occupant" and sending it by first class mail to her home.

Both parties eventually moved for summary judgment. By order entered May 9, 2017, the circuit court granted summary judgment in favor of the Respondent. The circuit court's order acknowledged that the Petitioner was recovering from health problems in Virginia during the period of time the Respondent attempted to provide her with notice to redeem the property. However, the order held that the Petitioner's incapacitation "does not toll the redemption deadline." The order also concluded that, although the notice to "Occupant" mailing was not complied with, the Petitioner "would not have received any

_____

[5]West Virginia Code § 11A-4-4 (1994) (Repl. Vol. 2017) allows a civil action to set aside a tax deed by a party claiming not to have received notice of the right to redeem property.

[6]The Petitioner was visiting a friend when she took ill.

additional notice had a . . . first class letter been delivered to her under a pseudonym." The circuit court ultimately concluded that the Respondent substantially complied with the redemption notice requirements. This appeal followed.

## II.

### STANDARD OF REVIEW

This proceeding was brought from a summary judgment order of the circuit court. We have held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). We have also held that

> [s]ummary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

Syl. pt. 2, *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995). We will apply these standards to our analysis of this appeal.

## III.

### DISCUSSION

The Petitioner contends that the circuit court's summary judgment order should be reversed, because the evidence clearly showed that the Respondent failed to have a notice

4

addressed to "Occupant," and mailed to her home as required by W. Va. Code § 11A-3-22(d). The Respondent concedes that it failed to comply with the "Occupant" notice requirement. However, the Respondent argues that it provided the West Virginia State Auditor with the address of the property, and that it was the duty of the State Auditor to send out a notice of redemption addressed to the "Occupant" of the address given. The Respondent further argues that it should not be held responsible for the State Auditor's failure to comply with W. Va. Code § 11A-3-22(d).

To start, we note that the Legislature has carved out detailed statutes that regulate every aspect of the sale of real property for delinquent taxes and the redemption of such property. *See* W. Va. Code § 11A-3-1 *et seq*. We have previously observed that "this area of the law has undergone significant change in the last several years, with each change increasing the protections afforded the delinquent land owner." *Mingo Cty. Redev. Auth. v. Green*, 207 W. Va. 486, 491, 534 S.E.2d 40, 45 (2000). Many of the changes in this area of the law took place after a decision by the United States Supreme Court recognized certain constitutional due process notice requirements for owners of real property subject to delinquent tax sales. *See Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800, 103 S. Ct. 2706, 2712, 77 L. Ed. 2d 180 (1983) ("Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the . . . property interests of any party, whether unlettered or well versed in commercial

5

practice, if its name and address are reasonably ascertainable."). This Court adopted the federal constitutional standard in *Lilly v. Duke*, 180 W. Va. 228, 376 S.E.2d 122 (1988), where we held:

> There are certain constitutional due process requirements for notice of a tax sale of real property. Where a party having an interest in the property can reasonably be identified from public records or otherwise, due process requires that such party be provided notice by mail or other means as certain to ensure actual notice.

Syl. pt. 1, *Lilly*. Although *Lilly* addressed the issue of due process notice to a property owner before a delinquent tax sale occurs, we have found that those constitutional protections are equally applicable to notice of the right to redeem property after a tax sale. *See Mason v. Smith*, 233 W. Va. 673, 680, 760 S.E.2d 487, 494 (2014).

The issue in this case concerns the notice of the right to redeem real property that was sold for delinquent taxes. Before examining the specific statutory provision at issue in this case, W. Va. Code § 11A-3-22(d), we must first review W. Va. Code § 11A-3-19 (2010) (Repl. Vol. 2017), a general statute that impacts the resolution of the issue raised under W. Va. Code § 11A-3-22(d).

As a prerequisite to receiving a deed to property sold for delinquent taxes, W. Va. Code § 11A-3-19 requires the tax purchaser to "[p]repare a list of those to be served with notice to redeem and request the State Auditor to prepare and serve the notice as

provided in sections twenty-one [§ 11A-3-21[7]] and twenty-two [§ 11A-3-22[8]] of this article."

(Footnotes added). The statute also makes clear that, "*[i]f the purchaser fails to meet these*

*requirements, he or she shall lose all the benefits of his or her purchase.*"[9] (Emphasis added).

_____

[7]This statute provides an outline of what should be included in a notice to redeem.

[8]This statute instructs as to how notice to redeem must be served.

[9]West Virginia Code § 11A-3-19 (2010) (Repl. Vol. 2017) provides in full as follows:

> (a) At any time after October 31 of the year following the sheriff's sale, and on or before December 31 of the same year, the purchaser, his or her heirs or assigns, in order to secure a deed for the real estate subject to the tax lien or liens purchased, shall:
>
> > (1) Prepare a list of those to be served with notice to redeem and request the State Auditor to prepare and serve the notice as provided in sections twenty-one and twenty-two of this article;
> >
> > (2) When the real property subject to the tax lien is classified as Class II property, provide the State Auditor with the physical mailing address of the property that is subject to the tax lien or liens purchased;
> >
> > (3) Provide the State Auditor with a list of any additional expenses incurred after January 1 of the year following the sheriff's sale for the preparation of the list of those to be served with notice to redeem including proof of the additional expenses in the form of receipts or other evidence of reasonable legal expenses incurred for the services of any attorney who has performed an examination of the title to the real estate and rendered written documentation used in the preparation of the list

(continued...)

7

Further, prior to 1994, the text of W. Va. Code § 11A-3-19 was contained in a former version

of W. Va. Code § 11A-3-20. This Court held the following regarding the pre-1994 version

---

[9](...continued)
of those to be served with the notice to redeem;

(4) Deposit with the State Auditor a sum sufficient to cover the costs of preparing and serving the notice; and

(5) Present the purchaser's certificate of sale, or order of the county commission where the certificate has been lost or wrongfully withheld from the owner, to the State Auditor.

*If the purchaser fails to meet these requirements, he or she shall lose all the benefits of his or her purchase.*

(b) If the person requesting preparation and service of the notice is an assignee of the purchaser, he or she shall, at the time of the request, file with the State Auditor a written assignment to him or her of the purchaser's rights, executed, acknowledged and certified in the manner required to make a valid deed.

(c) Whenever any certificate given by the sheriff for a tax lien on any land, or interest in the land sold for delinquent taxes, or any assignment of the lien is lost or wrongfully withheld from the rightful owner of the land and the land or interest has not been redeemed, the county commission may receive evidence of the loss or wrongful detention and, upon satisfactory proof of that fact, may cause a certificate of the proof and finding, properly attested by the State Auditor, to be delivered to the rightful claimant and a record of the certificate shall be duly made by the county clerk in the recorded proceedings of the commission.

(Emphasis added).

of W. Va. Code § 11A-3-20:

> Noncompliance with the mandatory requirements of West
> Virginia Code § 11A-3-20 (1983 Replacement Vol.) is a
> jurisdictional defect not subject to curative measures.

Syl. pt. 3, *State ex rel. Morgan v. Miller*, 177 W. Va. 97, 350 S.E.2d 724 (1986). In light of

the fact that W. Va. Code § 11A-3-20 was rewritten in 1994, and its text was placed in

W. Va. Code § 11A-3-19, we take this opportunity to now hold that noncompliance with the

mandatory requirements of W. Va. Code § 11A-3-19 is a jurisdictional defect not subject to

curative measures.[10]


As we previously mentioned, and now hold, W. Va. Code § 11A-3-19 provides

that a property owner must be served notice of the right to redeem property as outlined under

W. Va. Code § 11A-3-22, and that failure to provide notice in the manner required will result

in the tax purchaser of the property losing all benefits of the purchase. The Petitioner

contends that the Respondent failed to comply with the "Occupant" notice requirement

contained in W. Va. Code § 11A-3-22(d). The relevant text of this statutory provision

---

[10]This holding, as taken from Syllabus point 3 of *State ex rel. Morgan v. Miller*, 177 W. Va. 97, 350 S.E.2d 724 (1986*)*, is directed at the presumptive curing of certain irregularities in tax sale procedures as stated in W. Va. Code § 11A-3-31 (1994) (Repl. Vol. 1995). This statute, however, by referencing W. Va. Code § 11A-4-4, exempts its application to a procedural defect involving notice under W. Va. Code § 11A-3-22 (2013) (Repl. Vol. 2017). *See Gates v. Morris*, 123 W. Va. 6, 11, 13 S.E.2d 473, 476 (1941) ("Generally the want of notice required by statute is a jurisdictional defect which cannot be cured." (internal quotations and citations omitted)).

provides as follows:

> In addition to the other notice requirements set forth in this section, if the real property subject to the tax lien was classified as Class II property at the time of the assessment, at the same time the State Auditor issues the required notices by certified mail, *the State Auditor shall forward a copy of the notice sent to the delinquent taxpayer by first class mail, addressed to "Occupant"*, to the physical mailing address for the subject property. The physical mailing address for the subject property shall be supplied by the purchaser of the tax lien pursuant to the provisions of section nineteen of this article.[11]

---

[11]The full text of W.Va. Code § 11A-3-22 provides the following:

(a) As soon as the State Auditor has prepared the notice provided in section twenty-one of this article, he or she shall cause it to be served upon all persons named on the list generated by the purchaser pursuant to the provisions of section nineteen of this article.

(b) The notice shall be served upon all persons residing or found in the state in the manner provided for serving process commencing a civil action or by certified mail, return receipt requested. The notice shall be served on or before the thirtieth day following the request for the notice.

(c) If a person entitled to notice is a nonresident of this state, whose address is known to the purchaser, he or she shall be served at that address by certified mail, return receipt requested.

(d) If the address of a person entitled to notice, whether a resident or nonresident of this state, is unknown to the purchaser and cannot be discovered by due diligence on the part of the purchaser, the notice shall be served by publication as a Class III-0 legal advertisement in compliance with the

(continued...)

10

W. Va. Code § 11A-3-22(d). (Emphasis and footnote added).

For purposes of this appeal, the relevant text of W. Va. Code § 11A-3-22(d) is not ambiguous. We have held that "[w]hen a statute is clear and unambiguous and the legislative intent is plain the statute should not be interpreted by the courts, and in such a case

[11](...continued)
provisions of article three, chapter fifty-nine of this code and the publication area for the publication shall be the county in which the real estate is located. If service by publication is necessary, publication shall be commenced when personal service is required as set forth in this section and a copy of the notice shall at the same time be sent by certified mail, return receipt requested, to the last known address of the person to be served. The return of service of the notice and the affidavit of publication, if any, shall be in the manner provided for process generally and shall be filed and preserved by the State Auditor in his or her office, together with any return receipts for notices sent by certified mail.

In addition to the other notice requirements set forth in this section, if the real property subject to the tax lien was classified as Class II property at the time of the assessment, at the same time the State Auditor issues the required notices by certified mail, the State Auditor shall forward a copy of the notice sent to the delinquent taxpayer by first class mail, addressed to "Occupant", to the physical mailing address for the subject property. The physical mailing address for the subject property shall be supplied by the purchaser of the tax lien pursuant to the provisions of section nineteen of this article. Where the mail is not deliverable to an address at the physical location of the subject property, the copy of the notice shall be sent to any other mailing address that exists to which the notice would be delivered to an occupant of the subject property.

11

it is the duty of the courts not to construe but to apply the statute." Syl. pt. 1, *State ex rel. Fox v. Board of Trs. of Policemen's Pension or Relief Fund of City of Bluefield*, 148 W. Va. 369, 135 S.E.2d 262 (1964), *overruled on other grounds by Booth v. Sims*, 193 W. Va. 323, 456 S.E.2d 167 (1995). Consequently, we now hold West Virginia Code § 11A-3-22(d) provides that, in order to comply with the redemption notice requirements for Class II property, in addition to the other notice requirements set forth in W. Va. Code § 11A-3-22, notice must also be addressed to "Occupant" and mailed to the property.

The "Occupant" requirement of W. Va. Code § 11A-3-22(d) was added in 2010. Although there is no legislative history explaining why the "Occupant" provision was added to the statute, it is possible that the provision was added in response to the 2006 decision by the United States Supreme Court in *Jones v. Flowers*, 547 U.S. 220, 126 S. Ct. 1708, 164 L. Ed. 2d 415 (2006).

The decision in *Jones* squarely addressed the issue of sending mail addressed to "Occupant" before real property may be taken from an owner for tax purposes. The plaintiff in *Jones* had a thirty year mortgage on his home in Arkansas. He paid his mortgage each month for thirty years, and the mortgage company paid his property taxes during that period. After the plaintiff paid off his mortgage in 1997, the property taxes went unpaid, and the State certified the property as delinquent. The State attempted to notify the plaintiff of

12

the tax delinquency, and his right to redeem the property, by mailing a certified letter to his home. The post office returned the mail marked "unclaimed." Two years later, the State published a notice of public sale of plaintiff's property in a local newspaper. After several months passed, the State mailed a second certified letter to the plaintiff informing him that the property was going to be sold to a specific bidder. The second letter was also returned marked "unclaimed." The plaintiff learned of the sale of his property as a result of an unlawful detainer notice being delivered to his daughter.[12] The plaintiff filed an action in an Arkansas State court for a determination of whether the State provided sufficient notice to him that his home was going to be sold for delinquent taxes. The plaintiff argued that the notice provided by the State was insufficient to satisfy constitutional due process. The Arkansas trial court and supreme court disagreed with the plaintiff. The United States Supreme Court granted certiorari "to resolve a conflict among the Circuits and State Supreme Courts concerning whether the Due Process Clause requires the government to take additional reasonable steps to notify a property owner when notice of a tax sale is returned undelivered." *Jones*, 547 U.S. at 225, 126 S. Ct. at 1713, 164 L. Ed. 2d 415. The Supreme Court agreed with the plaintiff that due process under the facts of the case required more from the State before his home could be taken for delinquent taxes. Relevant to the instant case, the opinion held the following:

---

[12]It appears that the plaintiff did not receive the certified mailings because he was living at another address.

13

In response to the returned form suggesting that Jones had not received notice that he was about to lose his property, the State did-nothing. For the reasons stated, we conclude the State should have taken additional reasonable steps to notify Jones, if practicable to do so. . . .

. . . .

Other reasonable followup measures, directed at the possibility that Jones had moved as well as that he had simply not retrieved the certified letter, would have been to post notice on the front door, *or to address otherwise undeliverable mail to "occupant."* Most States that explicitly outline additional procedures in their tax sale statutes require just such steps. . . . . Either approach would increase the likelihood that the owner would be notified that he was about to lose his property, given the failure of a letter deliverable only to the owner in person. That is clear in the case of an owner who still resided at the premises. It is also true in the case of an owner who has moved: Occupants who might disregard a certified mail slip not addressed to them are less likely to ignore posted notice, and a letter addressed to them (even as "occupant") might be opened and read. In either case, there is a significant chance the occupants will alert the owner, if only because a change in ownership could well affect their own occupancy.

*Jones*, 547 U.S. at 234-35, 126 S. Ct. at 1718-19, 164 L. Ed. 2d 415. The decision in *Jones* suggests that, before states may take property for delinquent tax purposes, due process may require mailing notice to the property addressed to "Occupant." West Virginia Code § 11A-3-22(d) makes this constitutional suggestion mandatory for redemption purposes.

In the instant proceeding, the record is clear in showing that the requirement under W. Va. Code § 11A-3-22(d), that redemption notice be mailed and addressed to the

14

"Occupant," did not occur. The circuit court found that this noncompliance with the statute was harmless because the Petitioner would not have received the notice. However, the decisions of this Court have made clear that "the right of a landowner to have the statutory procedures complied with before he is deprived of his land is fundamental[.]" *Morgan*, 177 W. Va. at 106, 350 S.E.2d at 734. *See also* Syl. pt. 1, *Cook v. Duncan*, 171 W. Va. 747, 301 S.E.2d 837 (1983) ("Persons seeking to obtain complete title to property sold for taxes must comply literally with the statutory requirements."). To follow the logic of the circuit court would require rewriting the statute and omitting the "Occupant" notice requirement. This requirement is no less important than any of the other notice requirements set out under W. Va. Code § 11A-3-22. It is not the role of the courts to cherry pick which notice is important and which notice may be tossed to the curb. The role of courts is to apply the law fully, not to partially ignore it. It is for this reason that W. Va. Code § 11A-3-19(a)(5) clearly instructs courts that "*[i]f the purchaser fails to meet these requirements, he or she shall lose all the benefits of his or her purchase*." Nothing could be any clearer. The circuit court was simply wrong in discounting the omission of the "Occupant" notice requirement. *See Koontz v. Ball*, 96 W. Va. 117, 121-22, 122 S.E. 461, 463 (1924) ("Those statutes which require notice to the owner . . . of the tax purchase and of the time of expiration of the period for redemption are strictly construed in favor of the owner, and against the purchaser, and, unless their provisions are literally complied with, the sale will be void.").

The Respondent argues that the failure to comply with the "Occupant" notice requirement was made by the State Auditor; therefore, it should not be penalized for the error.[13] The Respondent correctly asserts that W. Va. Code § 11A-3-22(d) obligates the State Auditor to mail notice to the "Occupant" of a Class II property.[14] However, this duty is not imposed until a tax purchaser complies with its duty under W. Va. Code § 11A-3-19 to provide the State Auditor with a list of names and addresses that, when applicable, should include "Occupant" as a named entity to receive notice. The statute specifically provides that a tax purchaser must "[p]repare a list of those to be served with notice to redeem[.]" W. Va. Code § 11A-3-19(a)(1). For purposes of Class II property, "Occupant" is one of those that must receive notice to redeem. In other words, the State Auditor does not have a duty to hazard a guess in every tax delinquency proceeding as to when notice must be addressed and

---

[13]The Respondent also suggested that the Petitioner should have brought the State Auditor into this proceeding. The Petitioner notes that this issue was not presented to the circuit court and we should, therefore, not address it. *See* Syl. pt. 2, *Sands v. Security Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958) ("This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance."). Assuming, for the sake of argument, that the issue was presented to the circuit court, the Respondent has not adequately briefed the issue for consideration in this appeal. *See State v. White*, 228 W. Va. 530, 541 n.9, 722 S.E.2d 566, 577 n.9 (2011) ("Typically, this Court will not address issues that have not been properly briefed."); *State, Dep't of Health & Human Res., Child Advocate Office v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) ("[A] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim[.]" (internal quotations and citation omitted)).

[14]The parties do not dispute that Petitioner's property is designated as Class II. *See Mountain Am., LLC v. Huffman*, 224 W. Va. 669, 675 n.5, 687 S.E.2d 768, 774 n.5 (2009) ("Owner-occupied properties used exclusively for residential purposes and farms are Class II property.").

16

mailed to "Occupant." West Virginia Code § 11A-3-19 imposed the duty on the Respondent

to inform the State Auditor that notice to "Occupant" was also required.[15]   The record in this

case does not show that the Respondent directed the State Auditor to serve notice addressed

to "Occupant."   *See O'Neal v. Wisen*, No. 5:16-CV-08597, 2017 WL 3274437, at \*6

(S.D. W. Va. Aug. 1, 2017) ("It is undisputed that [tax purchaser] did not direct a notice to

the 'occupant' of the Property[.]").

Our cases have long made clear that the burden is exclusively upon the tax

purchaser to show that the delinquency tax sale statutes have been complied with.  *See Mike*

*Ross, Inc. v. Bergdorf*, No. 16-1046, 2017 WL 4712793, at \*4 (W. Va. Oct. 20, 2017)

(Memorandum Decision) ("[T]he burden was on respondents to prove that they strictly

complied with the statutory requirements."); *Mason v. Smith*, 233 W. Va. 673, 680, 760

---

[15]In addition to finding that W. Va. Code § 11A-3-19 requires the Respondent to add "Occupant" to the list of names submitted to the State Auditor, we also find that W. Va. Code § 11A-3-22(d) requires the same.  We understand that, read in isolation, W. Va. Code § 11A-3-22(d) does not expressly state that the tax purchaser is required to inform the State Auditor that notice must be addressed to "Occupant."  However, such a requirement is implicit in statute's purpose of protecting the rights of property owners.  We have long recognized that, "[t]hat which is necessarily implied in a statute, or must be included in it in order to make the terms actually used have effect . . . , is as much a part of it as if it had been declared in express terms."  *Crouch v. West Virginia Workers' Comp. Comm'r*, 184 W. Va. 730, 733, 403 S.E.2d 747, 750 (1991) (internal quotations and citation omitted).  *See also Conner v. Conner*, 175 W. Va. 512, 516, 334 S.E.2d 650, 654 (1985) ("Even though our statute did not originally provide for reasonable notice, it would appear that we considered this requirement to be implicit in the statute."); *Bailey Lumber Co. v. Ball*, 124 W. Va. 340, 342, 20 S.E.2d 241, 242 (1942) ("The affidavit is a requisite part of the notice to the landowner. . . .  We believe that the requirement of an affidavit is implicit in the statute.").

S.E.2d 487, 494 (2014) ("[I]n an action for cancellation of a tax deed, the tax deed grantee has the burden of proving compliance with the statutory steps required." (internal quotations and citation omitted)); *Rebuild Am., Inc. v. Davis*, 229 W. Va. 86, 94, 726 S.E.2d 396, 404 (2012) ("Our law is clear that in a suit for cancellation of tax deed, the tax deed grantee has the burden of proving compliance with the statutory steps required, including the validity of statutory notice of application for tax deed."); *Gates v. Morris*, 123 W. Va. 6, 9, 13 S.E.2d 473, 475 (1941) ("The burden was on the tax deed grantee, Morris, to prove the validity of this published notice."); Syllabus, *Dickerson v. Flanagan*, 103 W. Va. 233, 136 S.E. 854 (1927) ("Where the statute authorizes the publication and posting of a notice, which affects property rights, the steps directed by the statute must be strictly pursued. The burden of showing such pursuance is on him who would profit by such notice."). The Respondent has not carried its burden by burying its head in the sand and blaming the State Auditor for not providing notice addressed to "Occupant."

Insofar as there is no dispute that the Respondent failed to have notice to redeem mailed to the Petitioner's address as required by W. Va. Code § 11A-3-22(d), it was error for the circuit court to grant summary judgment in favor of the Respondent.[16]

---

[16]The Petitioner raised additional issues as to why summary judgment for the Respondent was error. The Petitioner alleged that the Respondent should have taken additional steps to provide actual notice, and that the circuit court committed error in finding that additional steps would have failed. Because we have reversed this case on the failure

(continued...)

**IV.**

**CONCLUSION**

In view of the foregoing, we reverse the circuit court's summary judgment order in favor of the Respondent. This matter is remanded to the circuit court with instructions to grant summary judgment in favor of the Petitioner, set aside the Respondent's tax deed to her home, and determine the amount to be paid by the Petitioner to redeem the property.[17]

Reversed and Remanded.

---

[16](...continued) to mail notice to "Occupant," we need not address the two other issues raised.

[17]*See* Syl. pt. 2, *Rebuild Am., Inc. v. Davis*, 229 W. Va. 86, 726 S.E.2d 396 (2012) ("Before a trial court may enter a final order setting aside a tax deed pursuant to W. Va. Code, 11A-4-4 [1994], the trial court must make a preliminary finding that the tax deed will be set aside if, within thirty days of the entry of the preliminary finding, there is paid or tendered to the tax deed purchaser, or his heirs or assigns: (1) the amount of money that would have been required to redeem the property, (2) the amount of real estate taxes paid on the property since delivery of the deed, and (3) interest at the rate of twelve percent per annum. If these amounts are not paid or tendered to the tax deed purchaser within thirty days of entry of the preliminary findings, the trial court, upon the request of the tax deed purchaser, must enter an order dismissing the case seeking to set aside the tax deed.").