**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Jay Folse,**
**Petitioner Below, Petitioner**

**vs.)  No. 22-0169** (Wetzel County 21-C-41)

**G. Russell Rollyson, Jr. and**
**John B. McCuskey,**
**in his official capacity as**
**West Virginia State Auditor,**
**Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioner Jay Folse appeals the Circuit Court of Wetzel County's order granting Respondents G. Russell Rollyson Jr. and West Virginia State Auditor John B. McCuskey's ("Auditor") joint motion to dismiss petitioner's petition for a writ of mandamus.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Petitioner purchased five liens at an Auditor auction/tax sale in Wetzel County, paying less than $1,000 for the liens. On December 16, 2021, forty-five days after the Auditor approved the tax sales, petitioner sent an e-mail to the Auditor's office stating that he was giving the Deputy Commissioner of Delinquent and Nonentered Lands, Respondent Rollyson, notice that he was seeking an extension to file the notice to redeem forms for Wetzel County and he would pay a 10% fee online. Shortly thereafter, petitioner paid $100 for the extension, plus a $25 fee required by West Virginia Code § 11A-3-52(e). In response, senior regulatory counsel for the Auditor's office explained that the clear statutory language refers to an individual sale/deed and that the $125 payment provided would cover only one of the five properties. Petitioner did not make additional payments related to these properties in order to obtain the extensions for the other four properties, so he received an extension for only one property.

In December of 2021, petitioner filed a "Verified Petition for Writ of Mandamus to Compel Issuance of Certificate of Exemption" in the Circuit Court of Wetzel County, seeking an order

---

[1] Petitioner is represented by counsel Robert W. Bright, and respondents are represented by counsel David P. Cook Jr.

1

granting him a writ of mandamus ordering respondents to issue a certificate of extension related to all five tax liens at issue. Petitioner also sought general and punitive damages as a result of respondents' alleged "bad faith refusal of a ministerial action." Respondents filed a motion to dismiss, pursuant to West Virginia Rule of Civil Procedure Rule 12(b)(6), which the circuit court granted by order entered on February 24, 2022. Petitioner appeals from that order, focusing his argument on his contention that the "total amount" referenced in West Virginia Code § 11A-3-52(e) refers to the total amount paid on a single day of an Auditor's sale, rather than the "total amount" for each lot or parcel.

"'Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*' Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995)." *Jones v. Logan Cnty. Bd. of Educ.*, 247 W. Va. 463, 881 S.E.2d 374, (2022). Further, because petitioner sought a writ of mandamus, we consider the following:

> "'To invoke mandamus the relator must show (1) a clear right to the relief sought; (2) a legal duty on the part of the respondent to do the thing relator seeks; and (3) the absence of another adequate remedy.' Syllabus point 2, *Myers v. Barte*, 167 W.Va. 194, 279 S.E.2d 406 (1981)." Syllabus Point 3, *Harrison Cty. Comm'n v. Harrison Cty. Assessor*, 222 W.Va. 25, 658 S.E.2d 555 (2008).

> "'Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syllabus point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syllabus Point 4, *Harrison Cty. Comm'n v. Harrison Cty. Assessor*, 222 W.Va. 25, 658 S.E.2d 555 (2008).

Syl. Pts. 2 & 3, *Cales v. Town of Meadow Bridge*, 239 W. Va. 288, 800 S.E.2d 874 (2017).

Petitioner's case hinges on the language of West Virginia Code § 11A-3-52(e) (2020), which provides:

> Whenever a purchaser has failed to comply with the notice requirements set forth in subsection (a) of this section, the purchaser may receive an additional 60 days from the expiration of the time period set forth in subsection (a) of this section to comply with the notice requirements set forth in subsection (a) of this section if the purchaser files with the Auditor a request in writing for the extension within 30 days following the expiration of the time period set forth in subsection (a) of this section and makes payment by U. S. currency, cashier's check, certified check, or money order in the amount of $100 or 10 percent of the total amount paid on the day of sale set forth in § 11A-3-45 of this code, whichever is greater. The fee for issuing the certificate of extension shall be $25 made payable to the Auditor.

He argues that the language "total amount paid on the day of sale" refers to the amount paid for

all sales on a single day at a sale, regardless of the number of purchases.[2] However, the circuit court agreed with respondents' argument below, finding that West Virginia Code § 11A-3-52(e) is unambiguous and, when read in pari materia with the statutes in that article, the "total amount paid on the day of the sale" applies to one specific property/tax lien, rather than to all five liens purchased at the auction, as petitioner contends. It further found that petitioner could not establish a clear legal right to the relief sought so he was not entitled to a writ of mandamus.

We agree with the circuit court. As this Court has found, the Legislature has carved out detailed statutes that regulate every aspect of the sale of real property for delinquent taxes and the redemption of such property. *Archuletta v. US Liens, LLC*, 240 W. Va. 519, 522, 813 S.E.2d 761, 764 (2018). West Virginia Code § 11A-3-52(e) is essentially a reprieve for a purchaser who has not, for whatever reason, fulfilled his or her obligations set forth in West Virginia Code § 11A-3-52(a) necessary to secure a deed. Here, it is undisputed that petitioner paid only a single $100 payment, plus a $25 fee, in an attempt to obtain an extension for all five of his purchases. West Virginia Code § 11A-3-45(a) (2000), specifically addressed in West Virginia Code § 11A-3-52(e), clearly provides for "each tract or lot" and the "payment for any tract or lot purchased at a sale[.]" Therefore, it is apparent from the plain language of the applicable statues that the "total amount paid on the day of sale" refers to "each tract or lot."

West Virginia Code § 11A-3-52(b) (2000) directs that "[i]f the purchaser fails to fulfill the requirements set forth in subsection (a) of this section, the purchaser shall lose all the benefits of his or her purchase." The circuit court held that the purchaser has the burden to show that the delinquency tax sale statutes have been complied with, but petitioner had failed to do so. It continued, "[t]he [c]ourt notes that the Auditor's Office is not permitted to make exceptions for a purchaser who is noncompliant with the statutory requirements." The court, therefore, dismissed the petition for a writ of mandamus, finding that petitioner failed to state a proper claim "as it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations contained in the [p]etition." We agree with the circuit court. Due to his failure to comply with the statutory requirements, petitioner has failed to a show a clear right to the extensions sought; a legal duty on the part of respondents to issue the certificates of extension; and the absence of another adequate remedy, particularly in light of the fact that respondents promptly made petitioner aware that the $125 payment entitled him to an extension for only one of the five purchases. We, therefore, affirm the circuit court's dismissal of petitioner's petition for a writ of

---

[2] West Virginia Code § 11A-3-45(a) (2000) provides, in relevant part:

Each tract or lot certified to the deputy commissioner pursuant to the preceding section shall be sold by the deputy commissioner at public auction at the courthouse of the county to the highest bidder between the hours of nine in the morning and four in the afternoon on any business working day within one hundred twenty days after the auditor has certified the lands to the deputy commissioner as required by the preceding section. The payment for any tract or lot purchased at a sale shall be made by check or money order payable to the sheriff of the county and delivered before the close of business on the day of sale. . . . If the sale shall not be completed on the first day of the sale, it shall be continued from day to day between the same hours until all the land shall have been offered for sale.

mandamus.

Affirmed.

**ISSUED:** June 13, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4