**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**January 25, 2024**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Jay Folse,**
**Petitioner Below, Petitioner**

**vs.) No. 22-626** (Hancock County CC-15-2022-C-1)

**G. Russell Rollyson Jr., Deputy Commissioner of Non-Entered and Delinquent Lands and**
**John B. McCuskey, State Auditor of West Virginia,**
**Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioner Jay Folse appeals the Circuit Court of Hancock County's order granting Respondents G. Russell Rollyson Jr., Deputy Commissioner of Non-Entered and Delinquent Lands, and John B. McCuskey, State Auditor of West Virginia's ("Auditor") motion to dismiss petitioner's petition for a writ of mandamus.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Petitioner purchased eight liens at an Auditor's auction/tax sale in Hancock County, paying less than $1,000 for the liens on October 28, 2021. On December 16, 2021, the forty-fifth day following approval of the sales by the Auditor, petitioner sent an e-mail to the Auditor's office stating that he was giving Respondent Rollyson notice that he was seeking an extension to file the notice to redeem forms for Hancock County and that he would pay a 10% fee online. Shortly thereafter, petitioner paid $100 for the extension, plus a $25 fee required by West Virginia Code § 11A-3-52(e). In response, senior regulatory counsel for the Auditor's office explained that the clear statutory language refers to an individual sale/deed and that the $125 payment provided would cover only one of the eight properties. Petitioner did not make additional payments related to these properties to obtain the extensions for the remaining seven properties, so he received an extension for only one property.

On December 27, 2021, petitioner filed a "Verified Petition for Writ of Mandamus to Compel Issuance of Certificate of Exemption" in the Circuit Court of Hancock County, seeking an order granting him a writ of mandamus ordering respondents to issue a certificate of extension

---

[1] Petitioner is represented by counsel Robert W. Bright, and respondents are represented by counsel David P. Cook Jr.

1

for each of the eight tax liens at issue. Petitioner also sought general and punitive damages as a result of respondents' alleged "bad faith refusal of a ministerial action." Respondents filed a motion to dismiss, pursuant to West Virginia Rule of Civil Procedure 12(b)(6), which the circuit court granted by order entered on February 24, 2022. Petitioner appeals from that order, focusing his argument on his contention that the "total amount" referenced in West Virginia Code § 11A-3-52(e) refers to the total amount paid on a single day of an Auditor's sale, rather than the "total amount" for each lot or parcel.[2]

"'Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.' Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995)." Syl. Pt. 1, *Jones v. Logan Cnty. Bd. of Educ.*, 247 W. Va. 463, 881 S.E.2d 374 (2022). Further, because petitioner sought a writ of mandamus, we consider the following:

> "'To invoke mandamus the relator must show (1) a clear right to the relief sought; (2) a legal duty on the part of the respondent to do the thing relator seeks; and (3) the absence of another adequate remedy.' Syllabus point 2, *Myers v. Barte*, 167 W.Va. 194, 279 S.E.2d 406 (1981)." Syllabus Point 3, *Harrison Cty. Comm'n v. Harrison Cty. Assessor*, 222 W.Va. 25, 658 S.E.2d 555 (2008).

> "'Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syllabus point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syllabus Point 4, *Harrison Cty. Comm'n v. Harrison Cty. Assessor*, 222 W.Va. 25, 658 S.E.2d 555 (2008).

Syl. Pts. 2 & 3, *Cales v. Town of Meadow Bridge*, 239 W. Va. 288, 800 S.E.2d 874 (2017).

Petitioner's argument regarding extensions is the same argument that he made, and we addressed, in *Folse v. Rollyson*, No. 22-0169, 2023 WL 3963697 (W. Va. June 13, 2023)(memorandum decision) ("*Folse I*"), and we see no reason to deviate from the reasoning we

---

[2] West Virginia Code § 11A-3-52(e) (2020) provides:

Whenever a purchaser has failed to comply with the notice requirements set forth in subsection (a) of this section, the purchaser may receive an additional 60 days from the expiration of the time period set forth in subsection (a) of this section to comply with the notice requirements set forth in subsection (a) of this section if the purchaser files with the Auditor a request in writing for the extension within 30 days following the expiration of the time period set forth in subsection (a) of this section and makes payment by U. S. currency, cashier's check, certified check, or money order in the amount of $100 or 10 percent of the total amount paid on the day of sale set forth in § 11A-3-45 of this code, whichever is greater. The fee for issuing the certificate of extension shall be $25 made payable to the Auditor.

applied to that case.[3] In *Folse I*, we found as follows:

> As this Court has found, the Legislature has carved out detailed statutes that regulate every aspect of the sale of real property for delinquent taxes and the redemption of such property. *Archuletta v. US Liens, LLC*, 240 W. Va. 519, 522, 813 S.E.2d 761, 764 (2018). West Virginia Code § 11A-3-52(e) is essentially a reprieve for a purchaser who has not, for whatever reason, fulfilled his or her obligations set forth in West Virginia Code § 11A-3-52(a) necessary to secure a deed. Here, it is undisputed that petitioner paid only a single $100 payment, plus a $25 fee, in an attempt to obtain an extension for all [] of his purchases. West Virginia Code § 11A-3-45(a) (2000), specifically addressed in West Virginia Code § 11A-3-52(e), clearly provides for "each tract or lot" and the "payment for any tract or lot purchased at a sale[.]" Therefore, it is apparent from the plain language of the applicable statutes that the "total amount paid on the day of sale" refers to "each tract or lot."
>
> West Virginia Code § 11A-3-52(b) (2000) directs that "[i]f the purchaser fails to fulfill the requirements set forth in subsection (a) of this section, the purchaser shall lose all the benefits of his or her purchase."

*Folse I* at *2-3.

Here, the circuit court concluded that petitioner had failed to state a claim and that no relief could be granted under any set of facts that could be proved consistent with the allegations contained in the petition for a writ of mandamus. We agree with the circuit court. Due to petitioner's failure to comply with the statutory requirements, he is not entitled to mandamus relief. Petitioner fails to a show a clear right to the extensions sought; a legal duty on the part of respondents to issue the certificates of extension; and the absence of another adequate remedy, particularly in light of the fact that respondents promptly made petitioner aware that the $125 payment entitled him to an extension for only one of the eight purchases. We, therefore, affirm the circuit court's dismissal of petitioner's petition for a writ of mandamus.

Affirmed.

**ISSUED:** January 25, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton

---

[3] *Folse I* dealt with petitioner's payment of $100, plus a $25 fee, which he argued secured extensions for five liens purchased at an Auditor's auction/tax sale in Wetzel County, West Virginia.

Justice C. Haley Bunn