# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**DUNCAN HOMES, LLC,**
**Defendant Below, Petitioner**

**v.) No. 25-ICA-3**     (Cir. Ct. Berkeley Cnty. Case No. CC-02-2023-C-385)

**MATTHEW D. STALLARD and**
**J. DOUGLAS STALLARD,**
**Plaintiffs Below, Respondents**

**FILED**
**August 29, 2025**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Duncan Homes, LLC ("Duncan") appeals the Circuit Court of Berkeley County's December 4, 2024, order granting summary judgment to respondents, Matthew D. Stallard and J. Douglas Stallard ("Stallards") and denying Duncan's motion for summary judgment. The circuit court set aside Duncan's tax deed, determining that the Stallards were not properly served with redemption notices. The Stallards filed a response.[1] Duncan did not file a reply. The issue on appeal is whether Duncan complied with the statutory requirements for providing notice of a delinquent taxpayer's redemption rights.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The Stallards owned a parcel of real property in Martinsburg, West Virginia. Due to their failure to pay the 2019 assessed real estate taxes, the Sheriff of Berkeley County conducted a tax sale on November 2, 2020, in accordance with West Virginia law. Duncan purchased a tax lien on the property at a tax sale as evidenced by a Certificate of Sale executed by the Sheriff of Berkeley County on November 10, 2020.

Following its purchase of the tax lien, Duncan engaged Conrad Legal to conduct a title examination, to identify individuals/entities entitled to redemption notices, and to prepare notices of redemption. Based upon the findings of the title search report, the Stallards and the property's "occupant" were parties entitled to notice. Redemption notices and costs were forwarded to the State Auditor to serve the Stallards by certified mail, regular mail, and publication.

---

[1] Duncan is represented by Eric S. Black, Esq. The Stallards are represented by Kathy M. Santa Barbara, Esq., Law Office of Kathy M. Santa Barbara, PLLC.

1

The Auditor mailed the redemption notices to the Stallards at the property address by regular mail and certified mail, return receipt requested. The mailings were returned with a label which stated "RETURN TO SENDER, NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD." The Auditor advised Duncan that it was required to personally serve the Stallards in order to satisfy the notice requirements inasmuch as the redemption notices sent to the Stallards by regular and certified mail had been returned as "undeliverable." After searching for a new address, Duncan advised the Auditor that the Stallards were each to be served personally at their address in Winchester, Virginia. Thereafter, the Auditor retained the services of DocuServe, LLC to personally serve the Stallards at the Virginia address. The process server made attempts to serve the Stallards on May 18, 2022, May 19, 2022, and May 20, 2022. Following the last attempt, he "[p]laced documents on door." After forwarding the Virginia address and a check for the additional service of process fee, Duncan was not contacted further by the Auditor until Duncan received the tax deed and a copy of the process server's affidavit of service.

On December 29, 2022, the tax deed was recorded in Berkeley County, West Virginia. In February 2023, Duncan's owner, Mickey Duncan, came to the property and advised the tenants residing there that Duncan was the new owner of the property and demanded the monthly rent be paid to Duncan.

On September 25, 2023, the Stallards filed this action to set aside the tax deed pursuant to West Virginia Code §§ 11A-4-3 and 11A-4-4. Duncan answered and filed a counterclaim for a declaration that it complied with all statutory notice requirements and for a judgment quieting title to the property pursuant to West Virginia Code § 11A-3-62(b). The parties filed competing motions for summary judgment and memorandums of law. The circuit court heard arguments on the competing dispositive motions and considered additional briefing.

On December 4, 2024, the circuit court entered the Order Granting Plaintiffs' Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment. In the order, the circuit court: (1) set aside the tax deed; (2) directed the circuit court clerk to pay $4,907.05, which represents the full redemption amount that was previously tendered by the Stallards, to Duncan; (3) found that the Stallards are vested with exclusive and indefeasible title to the property, free and clear of all legal and equitable claims and interests of Duncan; and (4) ordered Duncan to account for and pay over to the Stallards all rental income collected from the lease of the property. This appeal of the circuit court's December 4, 2024, order followed.

Our review of a circuit court's entry of summary judgment is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting a de novo review, this Court applies the same standard for granting summary judgment that a circuit court must apply: "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable

2

to clarify the application of the law." *United Bank, Inc. v. Blosser*, 218 W. Va. 378, 383, 624 S.E.2d 815, 820 (2005) (quoting *Painter*, 192 W. Va. at 190, 451 S.E.2d at 756, Syl. Pt. 2). With these standards in mind, we turn to the assignments of error.

In its first assignment of error, Duncan asserts that it complied with the statutory notice provisions and made all reasonably diligent efforts to provide redemption notices to the Stallards. The Stallards contend that Duncan has not complied with statutory notice provisions because they were not properly served with the redemption notices. The Stallards further contend that Duncan's efforts were not reasonably diligent because Duncan had a duty to review the service of process documents and to make further attempts at service. We agree with the Stallards that Duncan was not reasonably diligent.

As noted, the Stallards filed the underlying action to set aside the tax deed pursuant to both West Virginia Code § 11A-4-3 and West Virginia Code § 11A-4-4. West Virginia Code § 11A-4-3 (2022) provides, in relevant part:

> Whenever the Auditor . . . has delivered a deed to a purchaser who was not entitled thereto . . . because of his failure to meet the requirements of [§ 11A-3-19 (2018)] of this code, . . . the owner of such property . . . may, before the expiration of three years following the delivery of the deed, institute a civil action to set aside the deed.

W. Va. Code § 11A-4-3 (2022). West Virginia Code § 11A-4-4 (2022) provides, in relevant part:

> (a) If any person entitled to be notified under the provisions of [§ 11A-3-22 (2020)] of this code is not served with the notice as therein required, and does not have actual knowledge that such notice has been given to others in time to protect his or her interests by redeeming the property, he or she . . . may, before the expiration of two years following the delivery of the deed, institute a civil action to set aside the deed.
>
> \*\*\*
>
> (e) No title acquired pursuant to this article shall be set aside in the absence of a showing by clear and convincing evidence that the person who originally acquired such title failed to exercise reasonably diligent efforts to provide notice of his intention to acquire such title to the complaining party or his predecessors in title.

W. Va. Code § 11A-4-4 (2022).[2]

---

[2] The Legislature made substantial changes to Chapter 11A of the West Virginia Code that became effective on June 10, 2022, including the repeal of many of the sections

As provided by the Supreme Court of Appeals of West Virginia ("SCAWV"),

> There are certain constitutional due process requirements for notice of a tax sale of real property. Where a party having an interest in the property can reasonably be identified from public records or otherwise, due process requires that such party be provided notice by mail or other means as certain to ensure actual notice.

Syl. Pt. 3, *Mason v. Smith,* 233 W. Va. 673, 760 S.E.2d 487 (2014) (per curiam) (quoting Syl. pt. 1, *Lilly v. Duke*, 180 W. Va. 228, 376 S.E.2d 122 (1988)). To ensure actual notice and due process regarding service of redemption notices, the West Virginia Legislature provides in West Virginia Code § 11A-3-22 (2020):

> (c) The notice [provided in § 11A-3-21] shall be served upon persons not residing or found in the state by certified mail, return receipt requested, or in the manner provided for serving process commencing a civil action, or other types of delivery service courier that provide a receipt. The notice shall be served on or before the 30 days following the request for the notice.

The record establishes that the Stallards were not properly served with the redemption notices and therefore, Duncan has not complied with West Virginia Code § 11A-3-22. The certified mailings addressed to the Stallards at the Martinsburg property address returned "undeliverable," and no additional attempts to serve by certified mail were made. Further, the Stallards were not served "in the manner provided for serving process commencing a civil action" in that the redemption notices were not delivered to the Stallards personally, nor were they delivered to a member of their family at their dwelling place over the age of 16 years. The process server made three attempts at personal service and then posted the notices on the front door of the Winchester, Virginia address. However, posting of the document to be served is not sufficient service under Rule 4 of the West Virginia Rules of Civil Procedure. The SCAWV has determined that "[s]ervice of process solely by posting summons and complaint at the front door of a defendant's usual place of abode is not reasonably calculated to apprise a party of the pendency of an action, and does not meet due process standards." Syl. Pt., *State ex rel. Thomas v. Neal*, 171 W. Va. 412,

---

of Article 3 relevant to this matter. However, the parties appear to agree that the versions of West Virginia Code § 11A-3-19 and § 11A-3-22 that were in effect through June 9, 2022—including the period in which the notices of redemption were prepared and service was attempted—apply to this matter. Therefore, although the 2022 versions of West Virginia Code § 11A-4-3 and § 11A-4-4 in effect at the time the Stallards filed their complaint no longer referenced West Virginia Code § 11A-3-19 (2018) and § 11A-3-22 (2020), because those versions of the statutes governed when the notices of redemption were prepared and served in this matter, those versions control in the analysis of the Stallards' action.

299 S.E.2d 23 (1982). Duncan did not attempt service of the redemption notices by delivery service courier.

Turning to the next question of whether Duncan made reasonably diligent efforts to provide the redemption notices to the Stallards, Duncan argues it took all steps required, including: conducting a title examination and identifying individuals/entities entitled to redemption notices; requesting service by certified mail and regular mail; searching and locating a residential address for the Stallards for in person service by process server; and publishing the redemption notices for several weeks in the local newspaper.

While we acknowledge that Duncan took these steps, we disagree that they were reasonably diligent under the circumstances. First, Duncan had knowledge that certified mail sent to the Stallards was returned "undeliverable" and had knowledge of the Stallards' Virginia address but took no action to have the notices resent by certified mail to the new address. Secondly, despite the initial failed attempt at service, Duncan made no effort to determine if personal service at the Virginia address was successful, when such inquiry would have determined it was not. We therefore conclude that Duncan's efforts in fulfilling its statutory and constitutional due process duty to provide the Stallards with adequate notice of their rights to redeem were not reasonably diligent.

As explained by the SCAWV, "[t]hose statutes which require notice to the owner . . . of the tax purchase and of the time of expiration of the period for redemption are strictly construed in favor of the owner, and against the purchaser, and, unless their provisions are literally complied with, the sale will be void." *Archuleta v. US Liens, LLC*, 240 W. Va. 519, 525, 813 S.E.2d 761, 767 (2018) (quoting *Koontz v. Ball*, 96 W. Va. 117, 121-122, 122 S.E. 461, 463 (1924)). Although Duncan points out that it was unaware of the failure of personal service in Virginia until it had received the tax deed, the SCAWV has made clear that "the burden is exclusively upon the tax purchaser to show that the delinquency tax sale statutes have been complied with." *Archuleta*, 240 W. Va. at 526, 813 S.E.2d at 768. This includes showing "that the notices to redeem were properly served as required by W. Va. Code, 11A–3–22(b)." *Rebuild Am., Inc. v. Davis*, 229 W. Va. 86, 95, 726 S.E.2d 396, 405 (2012); *see also Archuleta*, 240 W. Va. at 526, 813 S.E.2d at 768 (noting that tax purchaser had "not carried its burden by burying its head in the sand and blaming the State Auditor for not providing notice"). Duncan failed to comply with the statutory notice requirements and therefore, we find no error in the circuit court's decision to set aside Duncan's tax deed under West Virginia Code § 11A-4-4.[3]

---

[3] As noted, the Stallards sought relief under both West Virginia Code § 11A-4-3 and § 11A-4-4, and the circuit court's order focused on West Virginia Code § 11A-4-3. However, because we affirm the circuit court's decision to set aside the tax deed under West Virginia Code § 11A-4-4 for lack of reasonable diligence, we decline to address whether the Stallards also satisfied West Virginia Code § 11A-4-3.

In its second assignment of error, Duncan asserts that because the Stallards did not show that the tax deed should be set aside that, upon receipt of the tax deed from the Auditor, it conclusively became the fee simple owner of the property pursuant to West Virginia Code §11A-3-62. Because we find that the circuit court did not err in setting aside the tax deed, we need not address the merits of this argument.

For the foregoing reasons, the circuit court's December 4, 2024, order is affirmed.

Affirmed.

**ISSUED:** August 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White